Steven L. Penaro
**Alston & Bird LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
steve.penaro@alston.com

*Counsel for State Farm*
*Mutual Automobile Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHARON BYCKO; DAVID GRUBBS; ANGELA KILLMAN-ANDERSON; DEBRA LAWLESS; PAMELA S. NORTON; and JEREMY WALLER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. [Removal from the Superior Court of New Jersey, |
| v. | ) ) ) | Middlesex County, Law Division, MID-L-000356-23] |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; VERISK ANALYTICS, INC. d/b/a ISO CLAIMSEARCH; and INSURANCE SERVICES OFFICE, INC., a subsidiary of Verisk, | ) ) ) ) ) ) | Action Filed: January 20, 2023 |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby removes this action from the Superior Court of New Jersey, Law Division, Middlesex County, where it is currently pending, to the United States

District Court for the District of New Jersey in accordance with 28 U.S.C. §§ 1332, 1441, 1446, 1453, and other applicable law.  In support of removal, State Farm states as follows:

## BACKGROUND

1.      On January 20, 2023, Plaintiffs Sharon Bycko, David Grubbs, Angela Killman-Anderson, Debra Lawless, Pamela S. Norton, and Jeremy Waller ("Plaintiffs") filed their complaint in the Superior Court of New Jersey, Law Division, Middlesex County, Case No. MID-L-000365-23 ("State Court Action"). Plaintiffs immediately thereafter filed an amended complaint that was substantively identical to the original complaint.[1]  In compliance with 28 U.S.C. § 1446(a), State Farm has attached as Exhibits A, B, and C, true and correct copies of the Amended Complaint, Summons, and Proof of Service.  *See* Ex. A (Amended Complaint); Ex. B (Summons); and Ex. C (Proof of Service).  State Farm has also attached a copy of all other process, pleadings, and orders filed in the State Court Action, as Exhibit D.

2.      Plaintiffs allege that State Farm improperly reports Plaintiffs' Private Information[2] to databases maintained by Defendants Verisk Analytics, Inc. and its

---

[1] On February 28, 2023, the State Court ordered that the original filed complaint "be removed from the Docket, as it inadvertently contains draft notations with attorney work product included."  *See* Exhibit D.

[2] The Complaint defines Private Information as "'non-public personal information' under [the Gramm-Leach-Bliley Act] and 'Protected Health Information' under HIPAA or other information where statutory or common law provides class

subsidiary Insurance Services Office, Inc. (collectively "Verisk / ISO"), in violation of common law, the Oklahoma Constitution Article II, § 23, and other applicable laws. *See generally* Amended Compl. ("Compl."). According to Plaintiffs, State Farm has been profiting from customers' Private Information without Plaintiffs' knowledge, and Verisk / ISO has been collecting this valuable data to generate billions of dollars annually, all at the expense of Plaintiffs and the putative class. Compl. ¶ 1.

3.      The Complaint asserts putative class action claims for (1) Invasion of Privacy – Publicity Given to Private Life; (2) Invasion of Privacy – Intrusion Upon Seclusion; (3) Breach of Contract; and (4) Breach of Fiduciary Duty.

4.      On behalf of themselves and the putative class, Plaintiffs seek, among other things, injunctive relief, nominal damages, and costs of suit and attorneys' fees. Compl. ¶ 79.

5.      State Farm denies the allegations in the Complaint, which are factually and legally baseless. The sole issue presented here is whether removal is proper due to the original jurisdiction of this Court under 28 U.S.C. § 1332(d).

---

members with a reasonable expectation that it will be held as confidential." Compl. ¶ 37(a).

6.     The State Court Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## TIMELINESS OF REMOVAL

7.     On February 7, 2023, State Farm was served with the summons and Complaint.  *See* Exhibit C.  Because State Farm has filed this Notice within thirty days of service, it is timely under 28 U.S.C. § 1446(b)(1).

## VENUE

8.     Removal to this Court is proper under 28 U.S.C. §§ 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Middlesex County Superior Court, where the State Court Action was filed.

### ORIGINAL JURISDICTION UNDER CAFA

9.     This Court has jurisdiction over this matter, and it is properly removed pursuant to 28 U.S.C. § 1332(d).  The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2 Stat. 4 (codified in part at 28 U.S.C. § 1332(d)), vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a state different from any defendant[,]" (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate.  28 U.S.C. § 1332(d)(2), (d)(5).

"Congress enacted CAFA to facilitate class actions in federal court, and its 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Gallagher v. Johnson & Johnson Consumer Cos., Inc*., 169 F. Supp. 3d 598, 602 (D.N.J. 2016).

10.     Each of these four requirements is satisfied as: (1) this is a purported class action; (2) Plaintiffs are citizens of a state different from State Farm and the other Defendants; (3) the proposed class contains at least 100 members; and (4) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.      The State Court Action is a "Class Action" Under CAFA**

11.     CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

12.     Plaintiffs style their lawsuit as a "Class Action" and specifically allege that they "seek to represent a General Class and several subclasses."  Compl. ¶ 35. Plaintiffs claim "[a] class action is superior to other available methods for the fair and efficient adjudication of this controversy since joined of all members is impracticable."  Compl. ¶ 45.  Plaintiffs seek "[a]n order certifying the Class(es) . .

5

. and appointing Plaintiffs and their Counsel to represent the Class." Compl. ¶ 79(a).

As such, the State Court Action is a "class action" within the ambit of CAFA.

**B.     The Proposed Class Exceeds 100 Class Members**

13.     The putative class consists of at least 100 members.  As stated in the

Complaint, Plaintiffs seek to represent a General Class and several subclasses

defined as follows:

> a.   GENERAL CLASS. Any person who initiated at least one insurance claim under a policy provided by an insurer licensed by the State of Oklahoma to sell the policy under which the claim was made, and regarding whom State Farm submitted Private Information to Verisk / ISO which Private Information was maintained in Verisk / ISO's database at least as recently as the start of the Class Period.
>
> b.   THIRD-PARTY SUBCLASS. A General Class member who made at least one third-party insurance claim regarding an Oklahoma-based insurance policy issued by State Farm.
>
> c.   FIRST PARTY SUBCLASS. A General Class member who made at least one first-party insurance claim regarding an Oklahoma-based insurance policy issued by State Farm.

Compl. ¶ 36.

14.     The putative class exceeds 100 members because it includes "any

person" who initiated "at least one insurance claim" regarding an Oklahoma-based

insurance policy issued by State Farm over a five-year period.  Compl. ¶¶ 36, 37(c).

15.     As Plaintiffs themselves allege, "State Farm is the largest auto insurer

in the State of Oklahoma, issuing *hundreds of thousands of policies each year* and

handling *tens of thousands of claims.*"  Compl. ¶ 39 (emphasis added).  Plaintiffs

further allege "State Farm submits Private Information to Verisk / ISO regarding

*substantially all claims* under Oklahoma policies."  *Id*. (emphasis added).

Accordingly, based on Plaintiffs' allegations alone, this case meets the requirement

under CAFA that the purported class consist of more than 100 members.

### C.   Minimum Diversity of Citizenship Exists Under 28 U.S.C. § 1332(d)(2)(A)

16.    The minimum diversity of citizenship criteria under CAFA requires

that any member of the putative class must be a citizen of a state different from that

of any defendant. 28 U.S.C. § 1332(d)(2)(A).

17.    Plaintiffs allege that they are citizens of Oklahoma. Compl. ¶ 5.

18.    State Farm is a citizen of Illinois because it is incorporated in Illinois

and has its principal place of business located at One State Farm Plaza, Bloomington,

Illinois 61701.  *See* Exhibit E, Declaration of Weslie Sawyer ¶ 3; *see also* 28 U.S.C.

§ 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by

which it has been incorporated and of the State . . . where it has its principal place of

business . . . . ").

19.    This case therefore satisfies the CAFA minimal diversity requirement

that "any member" of the plaintiff class be a citizen of a state different from "any

defendant."

### D.    The Amount in Controversy Exceeds $5,000,000[3]

20.    Although the Complaint does not allege a specific amount in controversy, the Complaint's allegations demonstrate that CAFA's $5,000,000 threshold is satisfied as well. *See* 28 U.S.C. § 1332(d)(2).  In noticing removal, a defendant need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  A defendant does not need to make "evidentiary submissions" to establish the amount in controversy under CAFA. *Id*. at 84.

21.    Plaintiffs, on behalf of themselves and the putative class, seek restitution and disgorgement, injunctive relief, declaratory relief, nominal damages, and costs of suit and attorneys' fees.  Compl. ¶ 79.

22.    In Plaintiffs' prayer, they seek "restitution and disgorgement of the revenues wrongfully retained as a result of Defendant(s) wrongful conduct." Compl. ¶ 79(e).  Disgorgement is a form of "[r]estitution measured by the defendant's wrongful gain." Restatement (Third) of Restitution and Unjust Enrichment §51, cmt. A (Am. L. Inst. 2010)).  Disgorgement requires that the defendant give up "those

---

[3] Though State Farm disputes that Plaintiffs are entitled to bring this action, denies liability, and contends that Plaintiffs can recover nothing under the claims alleged in the Complaint, for purposes of removal only, Plaintiffs' allegations and the relief sought by Plaintiffs are to be considered in determining the value of the claims as pled and the amount in the controversy without State Farm or any other defendant conceding liability.

gains . . . properly attributable to the defendant's interference with the claimant's legally protected rights." *Id.*

23.    Here, Plaintiffs allege Defendants earned "profits" "through the sale and publication" of Private Information.  Compl. ¶ 41(d).  Plaintiffs allege that State Farm has profited off of this information.  Compl. ¶ 1.  And, Plaintiffs allege that Defendants' purported invasions of privacy, when taken together in the aggregate, "comprise the billions of dollars of revenue generated by Verisk / ISO" and result in "an enormous number of profitable transactions."  Compl. ¶ 61.  Because Plaintiffs seek restitution and disgorgement of these alleged revenues, Plaintiffs' allegations that Defendants receive billions of dollars in revenue from the purported invasions of privacy demonstrate the amount in controversy is in excess of $5 million.[4]

24.    Moreover, for purposes of CAFA jurisdiction, the value of injunctive and declaratory relief is measured by "'the value of the object of the litigation.'" *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).

25.    Plaintiffs seek the following injunctive relief: (1) an order enjoining State Farm "from submitting further claim information to Verisk / ISO in connection

---

[4] Neither Verisk, nor ISO have filed a response yet to Plaintiffs' Complaint, and State Farm anticipates that both Verisk and ISO will likewise dispute that Plaintiffs are entitled to bring this action, deny liability, and contend that Plaintiffs are not entitled to any relief in their Complaint.  Plaintiffs' allegations and the relief sought by Plaintiffs are to be considered in determining the value of the claims as pled and the amount in the controversy for the purposes of removal without any defendant conceding liability.

with claims made under an Oklahoma insurance policy," (2) an order enjoining Verisk / ISO "from offering for sale or selling Private Information of the General Class," and (3) an order "remov[ing] Plaintiffs' and the Class members' records from Verisk / ISO's database."  Compl. ¶¶ 1, 79.  Plaintiffs have not alleged a specific dollar value tied to the various forms of injunctive relief they seek.

26.     State Farm conducted a search of its Enterprise Claim System designed to identify record entries for first party and third party claimants who filed a claim under an Oklahoma-based insurance policy issued by State Farm during the period of January 23, 2018 to January 23, 2023.  Exhibit F, Mervis Decl. ¶ 4.  This system query resulted in excess of 650,000 entries (first party insureds or third party claimants).  *Id.* ¶ 5.  Even if there were multiple entries associated with the same first party insured or third party claimant who may have made more than one insurance claim, a conservative extrapolation from this data is that in excess of 325,000 first party insureds and third party claimants made a claim under an Oklahoma-based policy issued by State Farm during the relevant time period.  And, Plaintiffs otherwise allege that Verisk has over 90 data records per participant. Compl. ¶ 1 (asserting "Verisk has over 90 records per American").  Plaintiffs further allege "State Farm submits Private Information to Verisk / ISO regarding *substantially all claims* under Oklahoma policies."  *Id.* ¶ 39(a) (emphasis added).  Accepting Plaintiffs' allegations as true solely for the purpose of removal, Plaintiffs

claim those first party insureds and third party claimants have a "privacy right" in their data, data allegedly shared with Verisk/ISO is "valuable data," and the Plaintiffs otherwise could have individually profited from it.  Compl. ¶¶ 1, 13-14, 56.  In addition, the Complaint seeks to impose the costs of removing any Private Information belonging to Plaintiffs and the putative class from Verisk / ISO's database on State Farm.

27.     A good faith estimate of the value of the interest at issue exceeds $5,000,000.  *Kendall v. CubeSmart L.P.*, No. 15-6098 (FLW)(LHG), 2015 WL 7306679, at *2 (D.N.J. Nov. 19, 2015) ("'A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*, 574 U.S. at 554).  Defendants would also bear significant costs of complying with any injunction that may issue.  *See Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.,* 825 F. App'x 65, 68 (3d Cir. 2020) (rejecting argument that "there is no amount of money in controversy because [plaintiff] is merely seeking declaratory and injunctive relief" and holding that CAFA's $5 million amount-in-controversy requirement was satisfied by estimating costs associated with requested injunctive relief).

28.     In addition, Plaintiffs, on behalf of themselves and the alleged putative General Class, seek "an award of costs of suit and attorneys' fees allowable by law."  Comp. ¶ 79(g).   Attorneys' fees are included in determining the amount in

controversy for purposes of CAFA jurisdiction. *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (holding that "attorneys' fees . . . do count for CAFA's amount-in-controversy threshold").

29.    "A median recovery range for attorney's fees is approximately 30 percent." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015). Thus, the inclusion of attorneys' fees would elevate the amount in controversy even further above the threshold CAFA jurisdictional requirement.

30.    Plaintiffs additionally seek nominal damages.  Under Oklahoma law, "[w]hen a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages." Okla. Stat. tit. 23 § 98.[5]  As described above, a claim system query resulted in excess of 650,000 entries (first party insureds or third party claimants), and a conservative extrapolation of that data is that there were at least 325,000 unique participants in insurance claims made regarding an Oklahoma-based insurance policy issued by State Farm during the putative class period.  *See* Exhibit F, Mervis Decl. ¶ 5.  Even if each Oklahoma claimant and insured sought just $16.00 in nominal damages from Defendants, which is plausible, the amount in controversy is satisfied.  28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether

[5] Plaintiffs allege that Oklahoma law applies to their claims, which State Farm does not concede.

the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

**E.     CAFA's Exceptions Do Not Apply**

31.     None of the applicable exceptions to CAFA apply here.  28 U.S.C. § 1332(d)(3)-(4).

32.     The discretionary, home-state, and local controversy exceptions do not apply because State Farm is a citizen of Illinois and Plaintiffs cannot prove the requisite percentage of members of the proposed plaintiff classes are citizens of New Jersey.  *See* 28 U.S.C. § 1332(d)(4)(A)(i) (requiring federal courts to decline jurisdiction when greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed); 28 U.S.C. § 1332(d)(4)(B) (requiring federal courts to decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(3) (a district court may decline to exercise jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed").

33.    Plaintiffs' putative classes purport to only cover persons who made claims regarding Oklahoma-based insurance policies and State Farm is not a New Jersey citizen.  None of these exceptions apply.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

34.    Although not determinative, Defendant Verisk / ISO consents to removal.

35.    Consistent with 28 U.S.C. § 1446, State Farm submits this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

36.    28 U.S.C. § 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the state court action.  As noted above, true and correct copies of these documents are listed below and attached hereto:

- Complaint (Ex. A.)
- Summons to State Farm (Ex B.)
- Proof of Service of Summons and Complaint on State Farm (Ex. C.)
- All other process, pleadings, and orders filed in the State Action (Ex. D)

37.    In accordance with 28 U.S.C. § 1446(d), State Farm has filed this Notice with this Court, will serve a copy of this Notice upon all parties, and will file a Notice of Filing of Notice of Removal with the Superior Court of New Jersey, Law Division.

38.     State Farm has complied with all applicable local rules for this Court regarding this Notice of Removal.

## NON-WAIVER OF DEFENSES

39.     If the Plaintiffs oppose removal, then State Farm asks for the opportunity to submit briefing, argument, and additional evidence to show why removal is proper.  State Farm also reserves the right to amend or supplement this Notice.

40.     State Farm intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including without limitation, personal-jurisdiction defenses and objections to the sufficiency of Plaintiffs' pleadings and to the proprietary of class certification.

## CONCLUSION

41.     In conclusion, CAFA applies to this action because: (1) Plaintiffs allege at least 100 putative class members; (2) at least one member of the proposed classes is a citizen of a state different from State Farm's state of incorporation and principal place of business; and (3) the aggregate amount in controversy exceeds $5 million.

42.     For these reasons, State Farm respectfully requests that this Court assume full jurisdiction over this action as provided by law.

WHEREFORE, State Farm hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted on March 8, 2023.

s/ *Steven Penaro*
Steven L. Penaro
**Alston & Bird LLP**
90 Park Avenue
New York, NY 10016
Tel: 212.210.9400
Steven.Penaro@alston.com

Cari K. Dawson
*Pro hac vice motion forthcoming*
Tiffany L. Powers
*Pro hac vice motion forthcoming*
**ALSTON & BIRD LLP**
1201 W. Peachtree St., Suite 4900
Atlanta, GA 30309
Tel: 404.881.7000
Cari.Dawson@alston.com
Tiffany.Powers@alston.com

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 8, 2023, I electronically filed this Notice of Removal with the Clerk of the Court using the CM/ECF system and sent a true and correct copy of the same by email and overnight mail to the following counsel of record:

**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com

**POGUST GOODHEAD, LLC**
James A. Barry, Esquire
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com

*Counsel for Plaintiff*

**MCCARTER & ENGLISH**
Christopher Rojao
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019

Matthew Wapner
100 Mulberry St.
Newark, NJ 07102

*Counsel for Verisk Analytics, Inc.*
*& Insurance Services Office, Inc.*

s/ *Steven Penaro*
Steven Penaro

*Counsel for State Farm*