# Exhibit A

**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**POGUST GOODHEAD, LLC**
James A. Barry, Esquire
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

| | |
|---|---|
| SHARON BYCKO; DAVID GRUBBS; ANGELA KILLMAN-ANDERSON; DEBRA LAWLESS; PAMELA S. NORTON; and JEREMY WALLER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; VERISK ANALYTICS, INC. d/ b/a ISO CLAIMSEARCH; and INSURANCE SERVICES OFFICE, INC., a subsidiary of Verisk<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>MIDDLESEX COUNTY<br><br>LAW DIVISION<br><br>Docket No.: MID-L-356-23<br><br>CIVIL ACTION<br><br><br><br>**PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |

## CLASS ACTION COMPLAINT

1.      Since our nation's founding, Americans have held respect for their right to privacy

and ownership.[1] The present case addresses current data compilation practices that oppose these

---

[1] Oklahoma law is clear that private property is protected from taking or use by other parties without just compensation, providing: "No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner…." Okla. Const. Art. II, § 23. Below, Plaintiffs discuss relevant Oklahoma and federal statutes and regulations that build on these bedrock legal principles.

principles by taking advantage of unsuspecting individuals with no recompense. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and other insurance companies illegally provided and continue to provide Plaintiffs' Private Information (as defined below) to Defendant Verisk Analytics, Inc. ("Verisk") and its subsidiary Insurance Services Office, Inc. ("ISO") both d/b/a "ISO" or "ISO ClaimSearch" (collectively "Verisk / ISO").[2] State Farm, along with other insurers, submit an estimated two billion records to Verisk / ISO each year, creating a database that likely contains more than 30 billion records – over 90 records per American. This confidential data encompasses everything from policy numbers and social security information to medical records that are private by nature, as well as financial details. It is important to note that this practice often disregards laws in place both at state and federal levels prohibiting the disclosure of such personal information without prior consent or authorization. State Farm and other insurers have been taking advantage of and profiting from customers' Private Information (defined below) without Plaintiffs' knowledge. Verisk / ISO has been collecting this valuable data to generate billions of dollars annually, all at the expense of unsuspecting Americans whose personal details are being used for Defendants' financial gain. State Farm does not notify Plaintiffs that it is submitting their information to Verisk / ISO, and Verisk / ISO does not notify Plaintiffs that it has their data or that it is profiting from the sale of Plaintiffs' private data. Plaintiffs ask the Court to certify a class of others similarly situated and to provide injunctive / declaratory relief to Plaintiffs associated with the improper submission, aggregation, and sale of their data by Verisk / ISO, namely: 1) to enjoin State Farm from improperly submitting any further records to Verisk / ISO,

---

[2] As noted below, Defendants Verisk and ISO do business under a wide range of trade names, but, on information and belief, whatever trade name is used, the businesses are based on Plaintiffs' data, and that of others similarly situated, which data was illegally gathered, transmitted, stored, and used for profit by Defendants.

and 2) to order removal of Plaintiffs' and the Class members' records from Verisk / ISO's databases.

## PARTIES

### Plaintiffs

4. Plaintiffs are all individuals whose Private Information (defined below) was reported, without their consent, by Defendant State Farm or others to one or more databases maintained by Verisk / ISO, in violation of common law, the Okla. Const. Art. II, § 23, and other applicable laws.

5. Plaintiffs are all individual citizens of the State of Oklahoma.

    a. Sharon Bycko resides in Oklahoma County, Oklahoma.

    b. David Grubbs resides in Cleveland County, Oklahoma.

    c. Angela Killman-Anderson resides in Pontotoc County, Oklahoma.

    d. Debra Lawless resides in Canadian County, Oklahoma.

    e. Pamela S. Norton resides in Oklahoma County, Oklahoma.

    f. Jeremy Waller resides in Oklahoma County, Oklahoma.

    g. All named plaintiffs have consented to have this case heard in this Court.

### Defendants

6. State Farm has its headquarters at 1 State Farm Plaza, Bloomington, IL 61701. State Farm is the largest property and casualty insurer and auto insurer in the United States, ranking 36th in the Fortune 500® with revenues of nearly $80 billion, assets of $295 billion, and more than 57,000 employees. State Farm is the largest automobile insurer in Oklahoma, commanding nearly 25% of the market, while the next largest insurer, Farmers, has less than 12.5% of the market. State Farm is also a large insurer in New

Jersey, which regularly conducts significant business in all 21 counties in New Jersey, including Middlesex County. State Farm is subject to general jurisdiction in New Jersey.

7.  ISO is a Delaware Corporation with headquarters at 545 Washington Boulevard, Jersey City, NJ 07310-1686. ISO was created by insurance companies, including State Farm, in 1971 as an insurance advisory and rating organization.[3] On May 23, 2008, ISO created Verisk Analytics, Inc. then, in anticipation of an initial public stock offering ("IPO"), on October 6, 2009, ISO became a wholly owned subsidiary of Verisk. The purpose of the IPO was to allow State Farm and other insurers to get back the capital they invested in creating ISO while retaining shares in the newly created entity, Verisk. ISO is a wholly owned subsidiary of Verisk.

8.  Verisk is a Delaware corporation with its headquarters at the same location as ISO: 545 Washington Boulevard, Jersey City, NJ 07310-1686. Verisk is a multinational data analytics and risk assessment firm with a market capitalization of nearly $37 billion and nearly 9,000 full-time employees. As noted above, Verisk is ISO's parent company, and it exercises ownership and control over ISO. ISO and Verisk are affiliates for all purposes noted herein.

    a.  In 2016, Verisk claimed to have the "largest statistical database in the industry" with 19 billion records.[4] (Exhibit 1, Verisk web page claiming largest database with 19 billion records.) At that time, it further claimed that each year, insurers

---

[3] See Verisk Analytics 10-Q filed July 29, 2014.

[4] The "19 billion records" claim was referenced on Wikipedia, but it has been deleted from ISO's website. However, the information formerly posted by Verisk / ISO on its website can still be accessed via the Internet Archive website, also known as the "Wayback Machine" which can be accessed at https://archive.org/. *See, e.g., Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 718 (denying a motion to exclude Wayback Machine evidence).

sent Verisk "2 billion detailed records of insurance premiums collected and losses paid.[5] (Exhibit 2, Verisk web page claiming 2 billion records submitted by insurers each year.) Based on the foregoing on information and belief, Verisk likely has more than 30 billion records at present.

b. "ISO has registered federal trademarks for ISO ClaimSearch® for providing information about insurance claims via a global computer network first used in November 1998. See U.S. Trademark Reg. No. 2,368,227. ISO also owns U.S. Trademark Reg. No. 5,271,484 for ISO ClaimSearch DNA®[6] and 6,136,484 for ISO ClaimAlert®.[7] In addition to the foregoing marks, ISO has filed at least eight pending trademark applications for "Verisk Analytics," and it abandoned at least nine other applications using "Verisk" in conjunction with other phrases

---

[5] Verisk / ISO deleted the claim to receive two billion records from insurers each year from its website as well. However, it too can still be accessed via the Internet Archive website.

[6] ISO ClaimSearch DNA is used a trademark in connection with i) compiling and analyzing data in the field of insurance; ii) providing information about insurance via a global computer network; and iii) providing temporary use of web-based non-downloadable software to web-based software over a global computer network for providing information about insurance data and assisting with analysis of insurance information and detection of insurance fraud, all of which were first used in May 2015.

[7] ISO ClaimAlert is used as a trademark in connection with i) compiling and analyzing data in the field of insurance, ii) providing information and analytics relating to insurance data, insurance claims, and insurance fraud and abuse; providing information in the field of insurance claims management and analysis, namely, information on weather and natural hazards, as it relates to insurances claims, information on property foreclosures, information relating to validation of personal identification information and contact information about insureds, third party claimants, attorneys, and businesses, financial information about insureds, third party claimants, attorneys, and businesses; providing insurance information, insurance claims information, and information about insurance fraud and abuse, by email and other electronic means; providing a website featuring information and predictive analytics about insurance, insurance claims, insurance risks; providing information regarding insurance claims and insurance fraud and abuse distributed electronically by email; iii) providing online non-downloadable publications in the nature of electronic reports with information on and analysis of insurance data, insurance claims and insurance fraud and abuse via a global computer network; d) providing online nondownloadable software for providing information and analytics about insurance and insurance claims; providing online nondownloadable software for analysis of insurance information and identification and detection of insurance fraud and abuse; providing online nondownloadable software for use in insurance claims management; and e) fraud detection services in the field of insurance; providing a website featuring information about insurance fraud and abuse; providing an interactive website notifying insurers by electronic message notification about insurance claims and insurance fraud and abuse; providing criminal background information of third party claimants, medical providers, attorneys, and businesses.

such as "device reputation service," and "lightspeed," and "telematics" and "digital services" and "climate." The expansive array of services offered under the "Verisk" name is immense, comprising a near limitless number of solutions that leverage data across multiple industries. (See Exhibit 3, description of services offered by ISO under the "Verisk Analytics" trademark.) One small sliver of the services offered by ISO under the "Verisk Analytics" trademark includes "Compilation and analysis of business data in the fields of energy and natural resources, agriculture, mining, transportation, supply chain logistics, engineering, weather, environment and climate, cartography, insurance, banking, finance, construction, real estate, law enforcement, emergency services, government, real estate (repeated in original), and geopolitics." It is difficult to imagine a field in which Verisk / ISO does not plan to offer its services, which, as will be discussed below, are built on Plaintiffs' and the class member's private data it improperly acquired from State Farm and other insurers.

   c. Verisk / ISO offers its services nationwide, including within Oklahoma, both as it relates to Plaintiffs as Oklahoma residents and also as to requests for information from persons residing in Oklahoma.

9. State Farm is not an "affiliate" of Verisk / ISO as that term is used in 15 U.S.C. § 6809(6) or other legal provisions applicable in this context. That is, State Farm does control and is not controlled by either Verisk or ISO. Similarly, State Farm is not an "affiliate" as that term is defined in the Oklahoma Insurance Code, specifically the Use of Credit Information in Personal Insurance Act at 36 O.S. § 952(2) to mean

"any company that controls, is controlled by, or is under common control with another company." However, as noted, Verisk and ISO are affiliated with each other, as that term is relevant to this case.

## JURISDICTION AND VENUE

10. Defendants are subject to jurisdiction within the State of New Jersey and this Court because:

   a.  Defendants are engaged in substantial business activity within the State of New Jersey and Middlesex County.

   b.  Defendants Verisk / ISO maintains a principal place of business within the State of New Jersey, Hudson County.

   c.  Upon information and belief, Verisk / ISO maintained, through at least 2020 and part of the calendar year 2021, a data center within the State of New Jersey, Somerset County, which housed the information which forms the basis of the present complaint.[8]

   d.  Upon information and belief, Defendant State Farm transmitted Plaintiffs' and Class Member's data to Verisk / ISO in New Jersey, intending that it be stored and offered for sale within New Jersey.

   e.  Defendants Verisk / ISO maintain control of Plaintiffs' and Class Members' data, including its storage, dissemination, and deletion, from their headquarters in New Jersey.

## APPLICABLE LAW AND BACKGROUND

11. Since the insurance policies and data at issue are all regulated by and issued within Oklahoma to Plaintiffs who are all Oklahoma residents, substantive Oklahoma law governs Plaintiffs' claims.

---

[8] See, Verisk 10-k 2020, pg 14 ("We have two primary data centers in Somerset, New Jersey, and Lehi, Utah, creating redundancy                                                                                                   and back up capabilities.... The data center in Somerset, New Jersey is the recovery site for the Lehi, Utah, data center and vice versa.") (available at: https://s29.q4cdn.com/767340216/files/doc_financials/2020/ar/Verisk-Annual-Report-2020-Final-Bookmarked-Version-03_30_21.pdf)

## **Privacy Law and Background**

12. "The person who enjoys privacy is able to grant or deny access to others."[9] "Privacy, thus, is control over knowledge about oneself."[10] The Supreme Court has also recognized a right to privacy in avoiding the disclosure of personal matters[11] and, has recognized an individual's privacy right in maintaining the confidentiality of the personal and sensitive nature of the information contained in medical records.[12]

13. Plaintiffs have a privacy right to keep their nonpublic information confidential. However, this right is not absolute; this fundamental privacy right must be weighed against the interests of the State of Oklahoma.[13] When a plaintiff files suit for personal injury, the state's and opposing party's interest at stake is found in 12 O.S. § 3226(A)(2)(a), which requires that such a plaintiff waive her right to privacy **only** in relevant medical records in order to permit a defendant and its agent(s) to be able to evaluate their claims and defend against their allegations.

14. The law also recognizes a right to maintain confidentiality regarding financial and related types of information. The Gramm-Leach-Bliley Act, P.L. 106-102 ("GLBA") enacted in 1999, which is but one example of many, requires financial institutions, including insurers, to protect the privacy of consumers' "non-public personal information." "Non-public personal information" ("NPPI") is defined broadly to mean information that was "(i) provided by the consumer to a financial institution;

---

[9] Fried, *Privacy*, 77 Yale, 475, 482 (1968).

[10] *Id*. at 483.

[11] *Whalen v. Roe*, 429 U.S. 598-600 (1977).

[12] *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 318-20 & n.16 (1979).

[13] *See*, *Whalen v. Roe*, 429 U.S. 589, 607 (1977).

(ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution." 15 U.S.C. § 6809.

15. State insurance regulators are authorized to enforce federal privacy laws as they apply to insurers and may enact and enforce privacy standards that exceed those in GLBA. Pursuant to that authorization, Oklahoma enacted a statute that no "person shall disclose any nonpublic personal information contrary to the provisions of" GLBA. "Person" is broadly defined and according to 36 O.S. § 104 includes "…an individual, company, insurer, association, organization, society, reciprocal or inter-insurance exchange, partnership, syndicate, business trust, corporation, Lloyd's association, and entity, and association, group or department of underwriters and any farmer's educational and cooperative union." *Id.* Regulations implementing this provision are codified in Okla. Admins. Code ("OAC") § 365:35-3-1 et seq. In addition, other provisions exist relating to the privacy of records, such as OAC § 365:15-1-4, which prohibit "an insurer or agent soliciting property and casualty insurance from using insurance policy records maintained by any other person without the prior written approval of the Insurance Commissioner."

16. GLBA and Oklahoma's corresponding statutes illustrate public policy regarding the reasonable expectation Plaintiffs have that their insurance claim information and any related medical records (more specifically "PHI" as defined below) will be treated as confidential.

17. Collectively, NPPI and PHI will be referred to herein as "Private Information."

18. Oklahoma substantive law governs these issues because Plaintiffs all reside in Oklahoma, and all insurance policies implicated herein were issued under the authority

of the Oklahoma Insurance Department ("OID"). All claims at issue for Plaintiffs, the General Class, and each subclass was thus subject to regulation under Oklahoma Statutes and under the purview of the OID.

19. Defendant State Farm routinely violates 36 O.S. § 307.02(A). In *Flow v. Liese, et al.*, (Oklahoma County case no. CJ-2016-1109), State Farm's long-time employees affied that a claimants' Private Information is routinely used by State Farm for rate making and underwriting. In addition, State Farm routinely discloses Plaintiffs' Private Information to Verisk / ISO. In particular, Verisk / ISO compiles Plaintiffs' Private Information in a database that is analyzed, and the results are regularly sold to companies, governmental agencies, and individuals around the world for a wide range of reasons having nothing to do with adjusting the claim of the person whose Private Information is being sold. Thus, the inclusion of Plaintiffs' and Class Members' Private Information in Verisk / ISO's databases is analogous to the publication of that information in a periodical – available to anyone willing to pay the price to access the database.

20. When a person is injured in an automobile accident and makes a claim for personal injuries, State Farm and other insurers potentially liable to pay the claim are entitled to request and review medical records to evaluate the claim and the alleged injuries. The medical records include Private Information (e.g., medical records, medical bills, diagnostic tests, lost income records, financial account information, etc.).

21. The provision of Private Information in the process of litigating or adjusting a claim does not transfer ownership of that information or entitle State Farm to then sell or transfer that Private Information to parties unrelated to the litigation for financial gain.

22. PHI is defined as "individually identifiable health information," which in turn is defined as health information collected from an individual, created or received by a health care provider, health plan, employer, or health care clearinghouse that relates to the "physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present or future payment for the provision of health care to an individual," that identifies or may identify the individual. 45 C.F.R. § 160.103.

23. Both federal and state laws recognize the importance of maintaining the confidentiality of Private Information, and they prohibit improper and unauthorized uses of Private Information.

24. This issue of protecting a plaintiff's Private Information through a protective order was brought before the Pontotoc County Oklahoma District Court in the case, *Angela Anderson (now Killman) v. Leslie Taylor* (Case No. CJ-2019-49). In *Anderson*, State Farm agreed to the terms of the plaintiff's proposed protective order. The agreed protective order in *Anderson* clearly prohibited State Farm from submitting Anderson's information to Verisk / ISO but, on information and belief, State Farm nonetheless did so in direct violation of a court order it had agreed to.

25. The submission, receipt, retention, sale and use of the Plaintiffs' Private Information by Defendants, is improper.

26. In the past, State Farm, has taken the position that it should be permitted to retain information related to a plaintiff's claim for a period of five years to be in compliance with Oklahoma Rule of Professional Conduct Rule 1.15(a). State Farm could retain the information in counsel's files, as is the usual custom and practice. However, nothing in the Oklahoma Rules of Professional Conduct authorizes the wholesale transfer of

litigation documents to a third party, which then permanently retains, publishes and sells the litigation information. In fact, State Farm routinely takes just the opposite position regarding records it produces in discovery: State Farm asserts that discovery materials it produces must be destroyed at the conclusion of the case.

27. Disclosure of Private Information to State Farm for the limited purpose of adjusting a claim, including pre-litigation and litigation of the claim, is not an absolute waiver. Any further disclosure by State Farm is statutorily prohibited pursuant to 36 O.S. §307.2(A). State Farm still has a statutorily mandated prohibition from disclosing Private Information.

28. State Farm has previously argued that OID regulates the handling of the Private Information. State Farm relied on the Oklahoma Admin. Code ("OAC") to erroneously argue that it can use the Private Information for a laundry list of functions that are unrelated to the evaluation or litigation of a plaintiff's claim. However, Oklahoma law is clear in stating:

> A licensee [such as State Farm] shall not disclose nonpublic personal health information about a consumer or customer unless an authorization is obtained from the consumer or customer whose nonpublic personal health information is sought to be disclosed.

OAC 365:35-1-40(a).

29. A "consumer" is defined as "an individual who seeks to obtain, obtains or has obtained an insurance product or service from a licensee that is to be used primarily for personal, family or household purposes, and about whom the licensee has nonpublic personal information, or that individual's legal representative." OAC 365:35-1-4, ¶ 6. In other words, a consumer is a person seeking insurance from an insurance company including its agent. Similarly, a "customer" is defined as a "consumer" having a "customer

relationship" with an insurance company. *Id.* at ¶ 9. The named plaintiffs are undoubtedly "consumers" under the applicable definition. In addition, the first party plaintiffs (those with a policy issued by State Farm) fit the definition of a "customer."

30. Another section of the OAC addresses insurance companies using Private Information for "claims administration," "claims adjustment," and the like. See OAC 365:35-1-40(b). However, this provision is limited to using the information "by or on behalf of the licensee or an affiliate of the licensee." That is, State Farm can use Private Information to adjust claims, and it can disclose the information to its affiliates for the same purposes. However, State Farm cannot give Private Information to a third party to retain and sell that information for purposes unrelated to adjusting the specific claim at issue.

31. When adjusting insurance claims, adjustors routinely secure Verisk / ISO reports, which include Private Information often, but not always, associated with the claimant. Often, the Verisk / ISO reports contain Private Information from third parties having no connection to the claimant other than a similar name, date of birth, or having lived at a common address. Thus, adjustors can, with the click of a mouse and without any release from persons affected, secure some of the most intimate details from prior claims filed by the claimant and by totally unrelated third parties with the bad luck to have a name, DOB or the like similar to the claimant.

32. In litigation, when State Farm enters into protective orders, they routinely include provisions requiring all State Farm confidential information to be destroyed at the conclusion of the litigation. State Farm is particularly jealous about requiring the destruction of its allegedly confidential information, such as its policies and procedures,

rate making, or other information that it deems may give it a commercial advantage. State Farm would be appalled if insureds put together a database of information produced by State Farm in litigation and would take all legal measures to enjoin such a collection of information.

33. In addition to the privacy harms caused by Defendants' sharing of Plaintiffs' and Class Members' private information, the sharing of said information also increases the risk of the disclosure of such information through negligent security, as highlighted by Defendant ISO's admission of a data breach in November of 2021. (*See https://www.mass.gov/doc/assigned-data-breach-number-23520-insurance-services-office-inc/download*).

## **Declaratory Judgment Law and Background**

34. The power of a court to declare the rights and responsibilities of litigants is a well-established concept in state and federal law.

a.      **New Jersey**: N.J. Stat. § 2A:16-53; *N.J. Assoc. for Retarded Citizens, Inc. v. N.J. Dep't of Human Services*, 89 N.J. 234; 445 A.2d 704 (N.J. 1982) (Declaratory Judgment Act is remedial legislation entitled to liberal construction and administration to end uncertainty about the legal rights and duties of parties when there are differing views on the meaning of applicable statutory provisions).

b.      **Oklahoma:** 12 O.S. § 1651.

Declaratory relief is by nature remedial. Oklahoma's Declaratory Judgments Act, 12 O.S. § 1651 et seq., is patterned on the Uniform Declaratory Judgments Act. Its statutory terms provide the district courts broad discretion to fashion both legal and equitable relief. Once a determination of rights, status or legal relationship has been made "further relief" may be granted "whenever such relief becomes necessary and proper." The act is to be liberally construed to effectuate its objective. Where incidental or consequential relief is sought, the court may accord

declaratory, executory or coercive relief to effectuate the declaratory judgment.

*State ex rel. Okla. Firefighters Pension and Retirement System v. City of Spencer*,

2009 OK 73, ¶15; 237 P.3d 125.

## **CLASS ALLEGATIONS**

35. Plaintiffs seek to represent a General Class and several subclasses as defined below. The classes satisfy the requirements of R. 4:32 as will be further explained below.

36. GENERAL CLASS. Any person who initiated at least one insurance claim under a policy provided by an insurer licensed by the State of Oklahoma to sell the policy under which the claim was made, and regarding whom State Farm submitted Private Information to Verisk / ISO which Private Information was maintained in Verisk / ISO's database at least as recently as the start of the Class Period.

   a.     THIRD-PARTY SUBCLASS. A General Class member who made at least one third-party insurance claim regarding an Oklahoma-based insurance policy issued by State Farm.

   b.     FIRST PARTY SUBCLASS. A General Class member who made at least one first-party insurance claim regarding an Oklahoma-based insurance policy issued by State Farm.

37. CLASS DEFINITIONS.

   a.     "Private Information" means "non-public personal information" ("NPPI") under GBLA and "Protected Health Information" ("PHI") under HIPAA or other

information where statutory or common law provides class members with a reasonable expectation that it will be held as confidential.

      b.     "Verisk / ISO" means Defendants Insurance Services Office, Inc. ("ISO"), Verisk Analytics, Inc. ("Verisk") and their affiliates engaged in operating database retaining insurance claim and other information under a wide variety of trademarks.

      c.     "Class Period" for Plaintiffs' invasion of privacy and breach of fiduciary causes of action is two years prior to the filing of this action, and for Plaintiffs' breach of contract action is five years prior to the filing of this action.

38. The 4:32-1(a) factors of numerosity, typicality, commonality and adequate representation are satisfied.

39. Numerosity is easily satisfied.

      a.     State Farm is the largest auto insurer in the State of Oklahoma issuing hundreds of thousands of policies each year and handling tens of thousands of claims. On information and belief, State Farm submits Private Information to Verisk / ISO regarding substantially all claims under Oklahoma policies. Therefore, the number of General Class members during the Class Period will certainly number at least 40 individuals. Joinder of all General Class and First-Party Subclass and Third-Party Subclass members is impracticable.

      b.     Verisk / ISO has more than 30 billion records in its databases. That means that Verisk / ISO has more than 90 records for each person in the United States including members of the proposed Classes.

40. Typicality and commonality are satisfied because the General Class has all suffered the same types of harms from having their Private Information submitted to and stored in

a database, having been submitted by State Farm, and subsequently having their Private Information sold by Verisk / ISO without providing any notice to Plaintiffs regarding the submission, retention, or sale of their Private Information.

41. Further, there are common questions of law and fact, which are applicable to the entire class including:

   a.  Whether Plaintiffs have a protectable interest in ensuring that their Private Information is not offered for sale to all third parties willing to pay Defendants ISO/Verisk for access to their databases.

   b.  Whether Defendants have violated Oklahoma law by transmitting and receiving, without authorization from Class Members, the Personal Information of Class Members to third parties not involved in the adjustment of their individual claims.

   c.  Whether, Defendants ISO/Verisk, may continue to maintain and profit from the inclusion of Class Members' Personal Information in their databases.

   d.  Whether Plaintiffs have a right to the disgorgement of profits earned by Defendants through the sale and publication of their Private Information.

   e.  Whether Plaintiffs are entitled to nominal damages from Defendants.

42. Adequate representation is satisfied because the named Plaintiffs are ready, willing, and able to vigorously represent the interests of themselves and the class. The named Plaintiffs understand their obligations to protect the interests of the class and, since the interests of the General Class and the named Plaintiffs are aligned, they will naturally do so.

43. Adequate representation is also satisfied because Plaintiffs have retained experienced counsel with broad knowledge of civil procedure and litigation generally and, more specifically, as it relates to class action litigation.

44. Plaintiffs seek certification of the classes under R. 4:32-1(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This subsection relates to relief of an "injunctive or declaratory nature, settling the legality of the behavior with respect to the class as a whole. *Id.* (1966 comments).

45. Plaintiffs also seek certification under R. 4:32-1(b)(3) as the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The economic damages suffered by the individual class members are modest when compared to the expense and burden of individual litigation. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort, and expense.

46. Plaintiffs also seek certification of the General Class under R.4:32-2(d) regarding particular issues. For example, Plaintiffs seek certification of a class to determine whether a) State Farm is allowed to transmit Private Information to Verisk / ISO; b) in order to transmit Private Information to Verisk / ISO, State Farm is required to get the consent of the owner of the Private Information; and c) if Verisk / ISO are allowed to keep the Private Information, whether the use of it by Verisk / ISO is limited in

any manner (for example, requiring disclosure and/or payment associated with each use of Private Information).

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION – Invasion of Privacy - Publicity Given to Private Life**

47. Plaintiffs incorporate the allegations of the Complaint outside of this cause of action by reference.

48. This cause of action is asserted on behalf of all General Class members and all subclasses against all Defendants.

49. The elements of an action for invasion of privacy by publicity given to private life are: (1) the invasion was highly offensive to a reasonable person, (2) contained private facts about the affected party, (3) were a public disclosure of private facts and (4) were not of legitimate public concern.

50. Defendants each individually and in concert intentionally intruded upon the privacy, private affairs, and private concerns of Plaintiffs, the General Class and each subclass by State Farm submitting Private Information to Verisk / ISO and by Verisk / ISO publicly offering it for sale and selling it.

51. State Farm submitted the Private Information without the consent of Plaintiffs, the General Class, and each subclass.

52. Verisk / ISO kept, offered for sale, and sold the Private Information without the consent of Plaintiffs, the General Class, and each subclass.

53. The conduct of each of the Defendants individually and in concert is highly offensive to a reasonable person.

54. The submission by State Farm, receipt, retention, and sale by ISO / Verisk was of the Private Information of the General Class.

55. The improper nature of Defendants' actions, not of legitimate public concern, is illustrated by the public policies embedded in GBLA, HIPAA, and Oklahoma statutes implementing the provisions of those statutes and otherwise. That is, Defendants' violations were per se not of the subject of legitimate public concern.

56. While damage is not required to establish a cause of action for invasion of privacy, Plaintiffs and each General Class member suffered at least nominal damages because their Private Information was publicly exposed, their legitimate claims were the improper bases for second-guessing subsequent claims that they might assert, their policy premiums were increased, and/or they were denied the full opportunity to individually profit from their Private Information kept and offered for sale by Verisk / ISO.

## SECOND CAUSE OF ACTION – Invasion of Privacy - Intrusion upon Seclusion

57. Plaintiffs incorporate the allegations of the Complaint outside of this cause of action by reference.

58. This cause of action is asserted on behalf of all General Class members and all subclasses against all Defendants Verisk and ISO.

59. The tort of intrusion upon seclusion provides that liability attaches to one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy if the intrusion would be highly offensive to a reasonable person.

60. Defendants, intentionally intruded upon the seclusion of all Class Members by soliciting, submitting, accepting, maintaining, offering for sale and publicizing their Private Information.

61. Defendants Verisk / ISO intentionally intruded upon the seclusion of all Class Members in order to wrongfully profit from their Private Information. Each individual invasion may involve slight intrusions and small profit amounts. However, in the aggregate, these invasions comprise the billions of dollars of revenue generated by Verisk / ISO. Verisk / ISO is salami-slicing[14] Private Information into an enormous number of profitable transactions.

62. Defendant State Farm benefits from its intrusion on seclusion by using the information in rate making, by using it to second-guess and reduce the value of future claims, and by various other means. State Farm's data intrusions pose a detriment to Class Members and could lead to further damage in the future when their Private Information is later wrongfully accessed by State Farm, other insurers or other institutions. For example, Class Members may find themselves being denied or charged higher prices for insurance, ultimately costing them more than they should have paid, due to their Private Information being improperly shared with the insurer underwriting a policy.

63. The decision to solicit, submit, obtain, store, and profit from Class Members' Private Information without authorization to obtain a profit would be highly offensive to a reasonable person.

64. While damage is not required to establish a cause of action for invasion of privacy, Plaintiffs and each General Class member suffered at least nominal damages as a result

---

[14] The Cambridge Dictionary defines "salami-slicing as "the activity of gradually reducing something, usually in order to save money, by removing it one small amount of it after the other, in a way that is damaging."

of Defendants intrusion upon their seclusion and/or they were denied the opportunity to individually profit from their Private Information kept and offered for sale by Verisk / ISO.

## **THIRD CAUSE OF ACTION - Breach of Contract**

65. Plaintiffs incorporate the allegations of the Complaint outside of this cause of action by reference.

66. This cause of action is asserted on behalf of all First Party Plaintiffs and First Party Subclass members. First Party Plaintiffs are those who were issued at least one insurance policy by State Farm during the Class Period.

67. All Oklahoma insurance policies incorporate a policy of good faith and fair dealing by the insurance company.

68. Before State Farm can disclose Private Information, it must secure consent from its insureds. OAC 365:35-1-40.

69. State Farm disclosed the Private Information of the First Party Subclass without securing their consent, and by doing so it breached the express and implied terms of its insurance contract with them.

70. State Farms' breach caused Plaintiffs and each First Party Subclass member to incur at least nominal damages, and they seek to vindicate that right herein.

71. First Party Plaintiffs and each First Party Subclass member suffered harm for the same reasons noted above.

## **FOURTH CAUSE OF ACTION – Breach of Fiduciary Duty**

72. Plaintiffs incorporate the allegations of the Complaint outside of this cause of action by reference.

73. This cause of action is asserted on behalf of all General Class members and all subclasses against State Farm.

74. State Farm received Private Information from the General Class as a part of adjusting an insurance claim. In that context, by both state law and common understanding, the General Class expected the Private Information to be used exclusively for adjusting the claim and to be kept confidential by the party receiving the information. See, e.g., OAC § 365:35-1-20 (requiring express notice of intent to provide information to a nonaffiliated third party and the opportunity to opt-out).

75. When a claim is being adjusted, the General Class reasonably places its trust and confidence in State Farm that it will hold the Private Information provided as confidential. Further, the General Class reasonably places its trust and confidence in State Farm that it that their Private Information will not only remain confidential, but also secure from any improper usage. This level of protection reasonably leads an ordinary prudent person to repose confidence in State Farm that it will not improperly use the Private Information given to it by the General Class in connection with adjusting their insurance claim.

## **REQUEST FOR RELIEF**

76. Plaintiffs and the General Class and each subclass incur ongoing harm due to ongoing improper retention and risk of further disclosure of Private Information for which there is no adequate legal remedy.

77. Specifically, Plaintiffs suffer improper public disclosure of Private Information each time State Farm submits claim information to Verisk / ISO. Plaintiffs risk further

improper public disclosure of Private Information by Verisk / ISO maintaining and offering for sale from its database Plaintiffs' Private Information.

78. In the aggregate, Verisk / ISO garners revenue from unauthorized retention and sale of Private Information.

79. **WHEREFORE**, Plaintiffs, individually and on behalf of the General Class proposed in this Complaint, respectfully request that the court enter judgment in their favor and against Defendants as follows:

a.      For an order certifying the Class(es) defined here, and appointing Plaintiffs and their Counsel to represent the Class;

b.      For equitable relief enjoining State Farm from submitting further claim information to Verisk / ISO in connection with claims made under an Oklahoma insurance policy;

c.      For equitable relief enjoining Verisk / ISO from offering for sale or selling Private Information of the General Class;

d.      For equitable relief enjoining Verisk / ISO from retaining the Private Information of Plaintiffs and the General Class unless it secures specific authorization from Plaintiffs and the General Class to do so;

e.      For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants(s) wrongful conduct;

f.      For an award of at least nominal damages to Plaintiffs and the members of the Class in an amount to be determined;

g.      For an award of costs of suit and attorneys' fees as allowable by law; and

h.      Such other relief as this Court may deem just and proper.

## OTHER MATTERS

### Demand for Trial by Jury

Plaintiff hereby demands a trial by jury to the full extent permitted by law.

### Notice of Other Actions Pursuant to R. 4:5-1

I hereby certify that I am not aware of any other civil either pending or contemplated concerning the matter in controversy herein, and that there are no other parties who shall be joined in this action at this time.

### Certification Pursuant to R. 1:38-7(c)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents in the future in accordance with R. 1:38-8(b).

### Trial Counsel Designation

Please take notice that pursuant to the provisions of R 4:25-4, Michael A. Galpern, is hereby designated as trial counsel on behalf of Plaintiff.

Respectfully submitted,

**JAVERBAUM WURGAFT HICKS
KHAN WIKSTROM AND SININS, P.C.**


/s/  *Michael A. Galpern*
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**POGUST GOODHEAD, LLC**
James A. Barry, Esquire
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

MONTY L. CAIN, OBA #15891
ANTHONY M. ALFONSO, OBA# 32722
CAIN LAW OFFICE
P.O. Box 892098
Oklahoma City, OK  73189
Telephone: (405) 759-7400
Facsimile: (405) 759-7424
E-mail: clo@cainlaw-okc.com

- AND –

EDWARD L. WHITE, OBA #16549
TRAVIS D. MENDOZA, OBA #35185
EDWARD L. WHITE, PC
829 E. 33rd St.
Edmond, OK 73013
Telephone: (405) 810-8188
Facsimile: (405) 608-0971
E-mail: ed@edwhitelaw.com