

*Certified Trial Attorneys*

**Michael A. Galpern, Esquire**
mgalpern@lawjw.com

**Geoffrey J. Smith, Esquire**
gsmith@lawjw.com

LAUREL OAK CORPORATE CENTER
1000 HADDONFIELD BERLIN ROAD ~ SUITE 203
VOORHEES, NEW JERSEY 08043
PHONE: 856.596.4100
FAX: 856.702.6640
____
www.lawjw.com

**Mary Paula Millerick, Esquire**
mpmillerick@lawjw.com

**Stephen P. Burke., Esquire**
srogers@lawjw.com

June 21, 2023

**Via E-file**
The Honorable Robert Kirsch, U.S.D.J.
United States District Court – District of New Jersey
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

  Re: Bycko v. State Farm, et al.
     Civil Case Number:  3:23-cv-1316

Dear Judge Kirsch:

  The undersigned represent the Plaintiffs in the present matter, which was originally filed in the Superior Court of New Jersey. Pursuant to Your Honor's judicial preferences, we submit this pre-motion request for a conference prior to Plaintiff's anticipated motion to remand.

  Defendant, State Farm, removed the complaint (D.E. 1) with the consent of Defendants, Verisk Analytics, Inc. and Insurance Services Office, Inc. (D.E. 1 at ¶34). In its removal papers, Defendant State Farm asserted that this Court had subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d). (D.E. 1 at ¶6) Despite invoking this Court's jurisdiction by removing the case, Defendants each subsequently moved to dismiss under Fed. R. Civ. P. 12(b)(1)[1] for lack of subject matter jurisdiction, asserting that Plaintiffs lack Article III standing. (D.E. 20-1 at 8-11; D.E. 21-1 at 9-13). Plaintiffs' counsel notified Defendants of the discrepancy between their pleadings by letter dated June 2, 2023, and requested that Defendants stipulate to remand in order to avoid unnecessary motion practice. Defendants have declined to so stipulate and thus the present letter is necessary.

  As the removing parties, Defendants have the burden of establishing that this case could have originally been brought in this Court. By now asserting that the Court lacks jurisdiction, Defendants

---

[1] Defendants motion to dismiss was filed without a letter in advance of the motions as requested in Your Honor's Judicial Preferences, so no prior conference has been held in this matter.

have completely failed to meet that burden, and have thus delayed the progress of this case, and wasted the resources of the Court. As such, this matter should be remanded to New Jersey Superior Court, where it was originally filed.

### A.  Defendants Bear the Burden of Proving that Federal Jurisdiction Exists

A defendant may remove any civil action to a federal district court having original jurisdiction over the action. 28 U.S.C. 1441.  The party removing an action to federal court bears the burden of establishing federal jurisdiction, and courts should start with a presumption that cases lie outside their jurisdiction. *Erie Insurance Exchange v. Erie Indemnity Co.*, 2023 WL 3575979, *2 (3d Cir. May 22, 2023); *See also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Defendants, as the parties seeking to have this case heard in federal court bear the burden of proving that the Court has jurisdiction. Plaintiffs have never invoked the jurisdiction of this Court and maintain that this matter should be heard where it was originally filed, in the Superior Court of New Jersey.

### B.  Defendants' Argument that Plaintiffs Lack Article III Jurisdiction Means They Have Failed to Meet Their Burden of Proof.

A number of Courts have addressed situations similar to the one in this case, where a removing defendant filed a motion to dismiss for lack of standing after removal. In *Mocek v. Allsaints USA Limited*, the Court dealt with a similar situation, although in that case the claims arose from a federal statute, FACTA, arguably providing a better basis for jurisdiction than the present one. 220 F.Supp.3d 910 (N.D. Ill. 2016). The *Mocek*, defendants removed alleging subject matter and diversity jurisdiction. One month later, without any change in circumstance, the Mocek defendants moved to dismiss the case for lack of federal jurisdiction, arguing that Plaintiffs lacked standing. *Id.* at 911.  Plaintiffs moved to remand the case in light of the defendant's disavowal of jurisdiction. *Id.* Defendants in *Mocek* argued that despite the fact that no party was advocating in favor of finding that plaintiffs had Article III standing, the court should undertake its own analysis, and that a decision that plaintiffs lacked Article III standing would "shorten the proceedings in state court." However, the *Mocek* court was clear that it was "not inclined to resolve an issue that is not actually in dispute, solely for the purpose of advancing in some advisory fashion an argument that defendant may wish to make in state court. *Id.* at 914 (*citing Smith v. Wisc. Dep't. of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved")). Therefore, the Court remanded the matter to state court without undergoing an analysis of standing.  *Id.*

Other Courts have reached similar results. In *Parrish v. Everi Payments, Inc.*, the Defendant removed case to federal court then moved to dismiss for both lack of standing and failure to state a claim. 2023 WL 3276400, *1 (D. Nev. May 4, 2023). The *Parrish* court noted that "neither side believes this case belongs in federal court; the issue, then, is whether the Court must remand the case to state court or instead dismiss it outright." *Id.* at *2 (quotations omitted).  "Defendants removed this action to federal court only to move to dismiss for lack of standing. Because Defendants cannot or will not bear their burden of demonstrating that this Court has jurisdiction over this case, the Court must remand the case to state court." *Id.* at *2. Similarly, in *Morgan v. Bank of America, N.A.*, the Court held that as the

"party invoking federal jurisdiction, the burden was on Defendant, not Plaintiff, to prove that all the elements of federal jurisdiction were satisfied upon removal. Defendant's attempt to invoke federal jurisdiction for purposes of removal and then argue for dismissal based on the lack of standing – a fundamental element of this Court's jurisdiction – does not satisfy its burden. Accordingly, the Court finds that it lacks jurisdiction to consider this case." 2020 WL 3979660, *2 (E.D. Wash July 14, 2020). *See also Barnes v. ARYZTA, LLC*, 288 F.Supp. 834, 839 (N.D.Ill. 2017) ("The Court declines to decide whether there is Article III standing because neither party is willing to address the issue. On one hand, Plaintiff seeks to remand to the state court and therefore does not want to argue to this Court that it has sustained a concrete injury-in-fact because then it would be conceding subject matter jurisdiction in federal court. Defendant, on the other hand, would like to argue that Plaintiff has *not* sustained an Article III injury but has withdrawn any argument to that effect in a ploy to avoid being forced out of federal court. The difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court.")

It is anticipated that Defendants will argue that the Court should still undergo its own analysis of the case to see if it can independently find that jurisdiction exists relying on Judge Wolfson's opinions in *Katz v. Six Flags Great Adventure, LLC*, 2018 WL 3831337 (D.N.J. August 13, 2018). However, even where the parties have a right to have their case heard in federal court, they may waive that right allowing the case to be tried in state court. Certainly, here Plaintiffs' state law claims are properly litigated in New Jersey state court. There is no federal interest in forcing the parties to have their case heard in federal court when neither of them seeks to do so. Federal courts cannot exercise jurisdiction beyond the scope of constitutional authority, and so they must undertake an independent analysis of jurisdiction in order to determine if they must decline jurisdiction even where the parties stipulate it exists. However, there is no converse requirement that federal courts force the parties to litigate in federal court when an alternative state forum exists. This principle is made clear by *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 849 (1986), which was a case relied on explicitly in *Katz*. "Schor indisputably waived any right he may have possessed to the full trial of Conti's counterclaim before an Art. III court…Schor's election to forgo his right to proceed in state or federal court on his claim and his decision to seek relief in a CFTC reparations proceeding constituted an effective waiver." *Comm. Futures*, 478 U.S. at 849. The Supreme Court did not require the independent reexamination of the litigant's decision to waive a federal claim.

Further, such a request would reflect the Defendants' disregard for the delay and waste of resources that their improper removal has already caused. All parties agree that this case does not belong in Federal court. As of the March 31, 2023 this District has the second most pending cases per judge in the nation, and the most within the Third Circuit.  United States Courts, Federal Management Statistics, Table N/A – U.S. District Courts – Combined Civil and Criminal Federal Management Statistics (March 31, 2023). Defendants course of conduct was clearly designed to gain a procedural advantage or to delay the case instead of letting it proceed in the state court, where this action belongs. Instead of engaging in an expenditure of the Court's time and resources, the case should be remanded now as no party advocates in favor of this Court's jurisdiction.

### C. The Appropriate Remedy is Remand.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 USC 1447(c) (emphasis added). The "literal words of §1447(c)…give…no discretion to dismiss rather than remand an action. The statute declares that where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *International Primate Protection League v. Administrators of Tulane Educational Fund.*, 500 U.S. 72, 89 (1991). The Third Circuit has been similarly clear, holding that a finding of no Article III standing "does not extinguish a removed state court case." *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994). Instead, "whether the matter is justiciable under state law is a matter for the state court to decide." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208 (3d Cir. 1997).

Given Defendant's argument that no Article III standing exists, the appropriate remedy under both 28 U.S.C. 1447(c) and controlling case law is to remand this matter to the Court where it was originally filed – the Superior Court of New Jersey. In order to minimize the costs of litigating this matter, Plaintiffs respectfully request that should motion practice be necessary on these issues that the Court stagger the motions, in order to address remand prior to Defendant's motion to dismiss as if the chooses to remand based on neither party advocating for Article III standing there would be no reason to address Defendants motions under F.R.C.P. 12(b)(6).

                    Respectfully Submitted,

                    **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

                    *s/ Michael A. Galpern*

                    **MICHAEL A. GALPERN, ESQUIRE**

MAG/mlc
Cc:   All counsel (via e-filing)