**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**POGUST GOODHEAD, LLC**
James A. Barry, Esquire
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204
*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARON BYCKO; ANGELA KILLMAN-ANDERSON; DEBRA LAWLESS; PAMELA S. NORTON; and JEREMY WALLER on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs<br><br>                  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; VERISK ANALYTICS, INC. d/b/a ISO CLAIMSEARCH; and INSURANCE SERVICES OFFICE, INC., a subsidiary of Verisk<br><br>Defendants | CIV. ACTION NO.: 3:23-cv-01316-RK-TJB<br><br><br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF REMAND TO STATE COURT** |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ............................................................................................................. 1

I.  THIS MATTER SHOULD BE REMANDED TO STATE COURT ............................ 2

    A.  Defendants Bear the Burden of Proving that Federal Jurisdiction Exists .............. 2

    B.  Defendants' Argument that Plaintiffs Lack Article III Jurisdiction Means They Have Failed to Meet Their Burden of Proof ............................................................. 2

    C.  The Appropriate Remedy is Remand ..................................................................... 6

II.  DEFENDANTS' MOTIONS TO DISMISS SHOULD BE DENIED AS MOOT ........ 7

III.  PLAINTIFFS SHOULD BE AWARDED FEES INCURRED AS A RESULT OF THE IMPROPER REMOVAL ...................................................................................... 7

CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Barnes v. ARYZTA, LLC*
288 F.Supp. 834 (N.D.Ill. 2017) ............................................................................................... 4, 9

*Bromwell v. Michigan Mut. Ins. Co.*,
115 F.3d 208 (3d Cir. 1997) ......................................................................................................... 6

*Commodity Futures Trading Comm'n v. Schor*,
478 U.S. 833 (1986) ..................................................................................................................... 5

*Erie Insurance Exchange v. Erie Indemnity Co.*
2023 WL 3575979 (3d Cir. May 22, 2023) .................................................................................. 2

*Finkelman v. National Football League*
810 F.3d 187 (3d Cir. 2016) ......................................................................................................... 7

*Grant v. Omni Health Systems of New Jersey*
2009 WL 196256 (D.N.J. 2009) ................................................................................................... 8

*International Primate Protection League v. Administrators of Tulane Educational Fund.*
500 U.S. 72, 89 (1991) ................................................................................................................. 6

*Katz v. Six Flags Great Adventure, LLC*
2018 WL 3831337 (D.N.J. August 13, 2018) .............................................................................. 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375, 377 (1994) ............................................................................................................. 2

*Little League Baseball, Inc. v. Welsh Publishing Group, Inc.*
874 F.Supp. 648 (M.D. Pa.1995 ) ................................................................................................. 8

*Martin v. Franklin Capital Corp.*
546 U.S. 132 (2005) ..................................................................................................................... 8

*Media Technologies Licensing, LLC v. Upper Deck Co.*,
334 F.3d 1366 (Fed. Cir. 2003) .................................................................................................... 7

*Mints v. Educational Testing Service*,
99 F.3d 1253 (3d Cir. 1996) ......................................................................................................... 8

*Mocek v. Allsaints Limited*
220 F.Supp.3d 910 (N.D. Ill. 2016) ............................................................................ 2, 3, 8, 9

*Morgan v. Bank of America, N.A.*
2020 WL 3979660 (E.D. Wash July 14, 2020) ................................................................ 4, 9

*Newton v. Tavani*
962 F.Supp. 45 (D.N.J.1997) ................................................................................................ 8

*Parrish v. Everi Payments, Inc.*
2023 WL 3276400 (D. Nev. May 4, 2023) ....................................................................... 3, 9

*Pennsylvania Prison Soc. V. Cortes*
508 F.3d 156 (3d Cir. 2007 ) ................................................................................................. 7

*Smith v. Wisc. Dep't. of Agric., Trade & Consumer Prot.*
23 F.3d 1134, 1139 (7th Cir. 1994) ..................................................................................... 3

*Spokeo, Inc. v. Robins*,
578 U.S. 330, 338 (2016) ..................................................................................................... 2

*Steel Co. v. Citizens for a Better Env't*
523 U.S. 83 (1998) ................................................................................................................ 7

*Wheeler v. Travelers Ins. Co.*
22 F.3d 534 (3d Cir. 1994) ................................................................................................... 6

**STATUTES**

28 U.S.C. 1332(d) ................................................................................................................. 1

28 U.S.C. 1441 ...................................................................................................................... 2

28 U.S.C. 1447(c) ...................................................................................................... 6, 7, 8, 9

FRCP 12(b)(1) .................................................................................................................. 1, 9

FRCP 12(b)(6) .................................................................................................................. 1, 7

**OTHER SOURCES**

United States Courts, Federal Management Statistics, Table N/A – U.S. District Courts – Combined Civil and Criminal Federal Management Statistics (March 31, 2023) ........................ 5

**INTRODUCTION**

Plaintiffs, Sharon Bycko, Angela Killman-Anderson, Debra Lawless, Pamela Norton and Jeremy Waller, originally filed this case in the Superior Court of New Jersey, Middlesex Vicinage. Defendant, State Farm Mutual Automobile Insurance Company, removed the complaint (D.E. 1) with the consent of Defendants, Verisk Analytics, Inc. d/b/a ISO Claimsearch and Insurance Services Office, Inc., a subsidiary of Verisk. (D.E. 1 at ¶34). In its removal papers, Defendant Verisk asserted that this Court had subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d). (D.E. 1 at ¶6)

Despite affirmatively invoking this Court's jurisdiction by removing the case, Defendants subsequently moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that Plaintiffs lack Article III standing. (D.E. 20-1 at 8-11; D.E. 21-1 at 9-13). Plaintiffs requested that in light of the position taken in Defendants' motions that they stipulate to remand the matter to State Court. The parties met and conferred on the issue but were unable to resolve the dispute. Plaintiffs therefore wrote to the Court pursuant to the Court's judicial preferences and requested a conference on the matter. [D.E. 33]. Defendants responded as required by the Court's judicial preferences. [D.E. 34, D.E. 35]. No conference was held, but in light of the pending motions to dismiss filed by Defendants, raising arguments under both R. 12(b)(1) and 12(b)(6) Plaintiff files the instant motion to remand.

Simply put, as the removing parties, Defendants have the burden of establishing that this case could have originally been brought in this Court. By now asserting that the Court lacks jurisdiction, Defendants have completely failed to meet that burden, and have thus delayed the progress of this case, and wasted the resources of the Court. As such, this matter should be remanded to New Jersey Superior Court, where it was originally filed, and Defendants' motions

1

to dismiss should be denied as moot. Even if the Court were to give credence to Defendants Verisk Analytics, Inc. d/b/a ISO ClaimSearch and Insurance Services Office, Inc. ("Verisk/ISO")'s position that Plaintiffs have standing for the breach of contract claim against State Farm, the claim Plaintiff's claims against Verisk/ISO should be severed and remanded, not dismissed. Given the complete reversal of positions as to the jurisdiction of this Court, Defendants had no reasonable basis for removing this case and Plaintiffs should be awarded the attorneys' fees incurred as a result of the improper removal.

## I. THIS MATTER SHOULD BE REMANDED TO STATE COURT

### A. Defendants Bear the Burden of Proving that Federal Jurisdiction Exists

A defendant may remove any civil action to a federal district court having original jurisdiction over the action. 28 U.S.C. 1441. The party removing an action to federal court bears the burden of establishing federal jurisdiction, and courts should start with a presumption that cases lie outside their jurisdiction. *Erie Insurance Exchange v. Erie Indemnity Co.*, 2023 WL 3575979, *2 (3d Cir. May 22, 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The removing party, as the party invoking federal jurisdiction, bears the burden of establishing that Article III standing exists. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Defendants, as the parties seeking to have this case heard in federal court bear the burden of proving that the Court has jurisdiction. Plaintiffs have never invoked the jurisdiction of this Court and maintain that this matter should be heard where it was originally filed, in the Superior Court of New Jersey.

### B. Defendants' Argument that Plaintiffs Lack Article III Jurisdiction Means They Have Failed to Meet Their Burden of Proof.

A number of Courts have addressed situations similar to the one in this case, in which a removing defendant filed a motion to dismiss for lack of standing after removal. In *Mocek v.*

2

*Allsaints USA Limited*, the Court dealt with a similar situation, although in that case the claims arose from a federal statute, FACTA, arguably providing a better basis for jurisdiction than the present one. *Mocek v. Allsaints Limited*, 220 F.Supp.3d 910 (N.D. Ill. 2016). The *Moceck*, defendants removed alleging subject matter and diversity jurisdiction. One month later, without any change in circumstance, the Mocek defendants moved to dismiss the case for lack of federal jurisdiction, specifically that Plaintiffs lacked standing. *Id.* at 911. Plaintiffs moved to remand the case in light of the defendant's disavowal of jurisdiction. *Id.* Defendants in *Mocek* argued that despite the fact that no party was advocating in favor of finding that plaintiffs had Article III standing, the court should undertake its own analysis, and that a decision that plaintiffs lacked Article III standing would "shorten the proceedings in state court." However, the *Mocek* court was clear that the it was "not inclined to resolve an issue that is not actually in dispute, solely for the purpose of advancing in some advisory fashion an argument that defendant may wish to make in state court. *Id.* at 914 (*citing Smith v. Wisc. Dep't. of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved")). Therefore, the Court remanded the matter to state court without undergoing an analysis of standing precedent. *Id.*

Other Courts have reached similar conclusions to the Court in *Mocek*. For example, in *Parrish v. Everi Payments, Inc.*, the Defendant removed case to federal court then moved to dismiss for both lack of standing and failure to state a claim. *Parrish v. Everi Payments, Inc.*, 2023 WL 3276400, *1 (D. Nev. May 4, 2023). *Parrish*, like the Court in Mocek noted that "neither side believes this case belongs in federal court; the issue, then, is whether the Court must remand the case to state court or instead dismiss it outright." *Id.* at *2 (quotations omitted). "Defendants

3

removed this action to federal court only to move to dismiss for lack of standing. Because Defendants cannot or will not bear their burden of demonstrating that this Court has jurisdiction over this case, the Court must remand the case to state court." *Id.* at *2. Similarly, in *Morgan v. Bank of America, N.A.*, the Court held that as the "party invoking federal jurisdiction, the burden was on Defendant, not Plaintiff, to prove that all the elements of federal jurisdiction were satisfied upon removal. Defendant's attempt to invoke federal jurisdiction for purposes of removal and then argue for dismissal based on the lack of standing – a fundamental element of this Court's jurisdiction – does not satisfy its burden. Accordingly, the Court finds that it lacks jurisdiction to consider this case." *Morgan v. Bank of America, N.A.*, 2020 WL 3979660, *2 (E.D. Wash July 14, 2020). *See also Barnes v. ARYZTA, LLC*, 288 F.Supp. 834, 839 (N.D.Ill. 2017) ("The Court declines to decide whether there is Article III standing because neither party is willing to address the issue. On one hand, Plaintiff seeks to remand to the state court and therefore does not want to argue to this Court that it has sustained a concrete injury-in-fact because then it would be conceding subject matter jurisdiction in federal court. Defendant, on the other hand, would like to argue that Plaintiff has *not* sustained an Article III injury but has withdrawn any argument to that effect in a ploy to avoid being forced out of federal court. The difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court.")

It is anticipated that Defendants will argue that despite no party arguing in favor of this Court's jurisdiction, that the Court should still undergo its own analysis of the case to see if it can independently find that jurisdiction exists relying on Judge Wolfson's opinions in *Katz v. Six Flags Great Adventure, LLC*, 2018 WL 3831337 (D.N.J. August 13, 2018).

4

Even where the parties have a right to have their case heard in federal court, they may waive that right allowing the case to be tried in state court where they have concurrent jurisdiction. Certainly, Plaintiffs' state law claims are proper to be litigated in New Jersey state courts. Therefore, there is no federal interest in forcing the parties to have their case heard in federal court when neither of them seek to do so. Federal courts cannot exercise jurisdiction beyond the scope of constitutional authority, and so they must undertake an independent analysis of jurisdiction even where the parties stipulate to jurisdiction. However, there is no converse requirement that federal courts force the parties to litigate in federal court when an alternative state forum exists for the state law claims being asserted. This principle is made clear by *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 849 (1986), which was a case relied on explicitly in the *Katz* case. "Schor indisputably waived any right he may have possessed to the full trial of Conti's counterclaim before an Art. III court…Schor's election to forgo his right to proceed in state or federal court on his claim and his decision to seek relief in a CFTC reparations proceeding constituted an effective waiver." *Comm. Futures*, 478 U.S. at 849. The Supreme Court did not require the independent reexamination of the litigant's decision to waive a federal claim.

Further, such a request would reflect the Defendants' disregard for the delay and waste of resources their improper removal has already caused. All parties agree that this case does not belong in Federal Court, despite that fact, Defendants removed the case to the District of New Jersey, which As of the March 31, 2023 statistics has the second most pending cases per judge in the nation, and the most within the Third Circuit. United States Courts, <u>Federal Management Statistics</u>, Table N/A – U.S. District Courts – Combined Civil and Criminal Federal Management Statistics (March 31, 2023) (available at: https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/03/31-1 ) (last accessed July 19, 2023).

5

Defendants course of conduct was clearly designed, as the motions in *Mocek* were, to gain a procedural advantage or to delay the case instead of letting it be addressed in the staate court proceedings, where this action belongs. Instead of engaging in an expenditure of the Court's time and resources, the case should be remanded as no party advocates in favor of this Court's jurisdiction.

### C.  The Appropriate Remedy is Remand.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 USC 1447(c) (emphasis added). As noted by the Supreme Court, the "literal words of §1447(c)…give…no discretion to dismiss rather than remand an action. The statute declares that where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *International Primate Protection League v. Administrators of Tulane Educational Fund.*, 500 U.S. 72, 89 (1991). The Third Circuit has been similarly clear, holding that a finding that Article III standing has not been met "does not extinguish a removed state court case." *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994). Instead, "[i]n light of the express language of §1447(c) and the Supreme Court's reasoning in *International Primate*, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility….Once the district court determined that it lacked subject-matter jurisdiction over Appellant's claim, the district court was obligated to remand the matter to state court under the express language of §1447(c). Whether the matter is justiciable under state law is a matter for the state court to decide." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208 (3d Cir. 1997).

Given Defendant's argument that no Article III standing exists in the case which they removed, the appropriate remedy under both 28 U.S.C. 1447(c) and controlling case law is to remand this matter to the Court where it was originally filed – the Superior Court of New Jersey.

## II. DEFENDANTS MOTIONS TO DISMISS SHOULD BE DENIED AS MOOT

Without jurisdiction, this Court cannot reach Defendants' motions to dismiss on the merits of Plaintiffs' claim. Therefore, the Court should deny Defendants' motions to dismiss as moot at the time the matter is remanded.

"Because standing is jurisdictional, lack of standing precludes a ruling on the merits." *Media Technologies Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1370 (Fed. Cir. 2003) s*ee also Pennsylvania Prison Soc. V. Cortes*, 508 F.3d 156, 158 (3d Cir. 2007) ("We now hold that the District Court may not have had jurisdiction to decide the merits of the complaint. Accordingly, we will vacate the [summary judgment orders] of the District Court and remand with directions to conduct further proceedings, as necessary, to determine whether any of the plaintiffs has standing, and if not, to dismiss the complaint without prejudice."); *Finkelman v. National Football League*, 810 F.3d 187, 192 n.31(3d Cir. 2016) ("our conclusion that the named plaintiffs lack Article III standing means that we do not have subject matter jurisdiction to reach the merits of plaintiffs' claims.") (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998))

Based upon the foregoing, Plaintiffs respectfully submit that the Court must deny Defendants' motions to dismiss under Rule 12(b)(6) as moot, to be re-filed (or not) in state court as Defendants wish.

## III. PLAINTIFFS SHOULD BE AWARDED FEES INCURRED AS A RESULT OF THE IMPROPER REMOVAL

Pursuant to 28 U.S.C. §1477(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The

7

court may award fees and costs under 28 U.S.C. §1477(c) "even though the party removing the case did not act in bad faith." *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir. 1996).

As the Supreme Court noted in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), an "award of fees under §1447(c) is left to the district court's discretion", and although there is "no heavy congressional thumb on either side of the scales", this also "does not mean that no legal standard governs that discretion." *Id.* at 139.  The *Martin* Court concluded that courts may award attorney's fees for remanded cases when "the removing party lacked any objectively reasonable basis for seeking removal..." *Id.* at 141.

Courts in this district have noted that the objective reasonableness standard is intended to balance two statutory goals "deter[ing] removals sought for the [p]urpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." [*Martin*, supra,] at 140.  Courts in this circuit have awarded "costs, expenses, and attorneys' fees where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." *Newton v. Tavani*, 962 F.Supp. 45, 48 (D.N.J.1997) (internal citations omitted); *Grant v. Omni Health Systems of New Jersey*, 2009 WL 196256 (D.N.J. 2009); *see also Little League Baseball, Inc. v. Welsh Publishing Group, Inc.*, 874 F.Supp. 648, 656 (M.D. Pa.1995) (awarding costs where "'minimal research' into a fundamental question would have revealed to the removing party that removal was improper.").

Courts in other jurisdictions considering similar facts to the case at issue here, with Defendants who removed a case only to then argue Plaintiffs lacked Article III standing have awarded fees and costs. *See, e.g.*, *Mocek v. Allsaints USA Ltd.*, 16 C 8484, 2016 WL 7116590, at

8

*3 (N.D. Ill. Dec. 7, 2016) ("In short, it should have been obvious to defendant, based on well-settled law, that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up right back where it started: in state court."); *see also Parrish v. Everi Payments Inc.*, 2023 WL 3276400 (D. Nev. May 4, 2023) (granting remand but retaining jurisdiction to award fees and costs); *Barnes v. Aryzta,* LLC, 288 F. Supp.3d 834 (N.D. Ill. 2017) (granting remand and awarding fees and costs); *Morgan v. Bank of America, N.A.*, 2020 WL 3979660 (E.D. Wash. July 14, 2020) (granting remand and awarding fees and costs).

Prior to filing the present motion Plaintiffs advised Defendants that based on their motions to dismiss under R. 12(b)(1) counsel believed the matter should be remanded to State Court and provided a proposed stipulation to that effect, in order to avoid the delay and expenditure of both counsel and the Court's time on the present motion. Despite having done so Defendants have refused to concede that the matter should be remanded, and therefore required counsel to file the present motion and delaying the case further. Plaintiffs respectfully submit that under the circumstances, the Court should award fees and costs pursuant to 28 USC 1447(c).

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court remand this matter to the Superior Court of New Jersey, deny Defendants' pending motions to dismiss as moot, and award fees and costs for the filing of the present motion.

Date:                                                     Respectfully Submitted,


                                                          /s/ *James A Barry*
                                                          James A Barry
                                                          **POGUST GOODHEAD, LLC**
                                                          jbarry@pogustgoodhead.com

9

505 S. Lenola Rd., Suite 126
Moorestown, NJ 08057
Tel: 610-941-4204
Michael A. Galpern
**JAVERBAUM WURGAFT HICKS KHAN WIKSTROM AND SININS, P.C**
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

MONTY L. CAIN, OBA #15891
DAVID HILBERN, OBA# 18941
CAIN LAW OFFICE
P.O. Box 892098
Oklahoma City, OK  73189
Telephone: (405) 759-7400
Facsimile: (405) 759-7424
E-mail: clo@cainlaw-okc.com

    - AND –

EDWARD L. WHITE, OBA #16549
TRAVIS D. MENDOZA, OBA #35185
EDWARD L. WHITE, PC
829 E. 33rd St.
Edmond, OK 73013
Telephone: (405) 810-8188
Facsimile: (405) 608-0971
E-mail: ed@edwhitelaw.com