NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sharon Bycko; David Grubbs; Angela Killman-Anderson; Debra Lawless; Pamela S. Norton; and Jeremy Waller on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> State Farm Mutual Automobile Insurance Company; Verisk Analytics, Inc. d/b/a ISO ClaimSearch; and Insurance Services Office, Inc., a subsidiary of Verisk, <br><br> Defendants. | Civil Action No. 23-1316 (RK) (TJB) <br><br> **MEMORANDUM OPINION** |

### KIRSCH, District Judge

In this putative class action, Plaintiffs Sharon Bycko, Angela Killman-Anderson, Debra Lawless, Pamela Norton and Jeremy Waller's (collectively, "Plaintiffs") allege, among other claims, that Defendants Verisk Analytics, Inc. d/b/a ISO ClaimSearch and Insurance Services Office, Inc.'s (together, "Verisk" or "Defendant") and State Farm Mutual Insurance Company's ("State Farm," or "Defendant") (collectively with Verisk, "Defendants") violated their right to privacy by sharing their confidential personal information. Defendants have moved to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for failure to state a claim under Rule 12(b)(6). Plaintiffs have moved to remand this matter back to state court pursuant to 28 U.S.C. § 1447(c) on

the basis that Defendants have failed to carry their burden demonstrating that subject matter jurisdiction is proper. These motions are fully briefed,[1] and on October 3, 2023, the Court heard oral argument from the parties. (ECF No. 55.) The court has considered the parties' submissions, and for the reasons set forth below, the Court finds Plaintiffs lack Article III standing, and therefore, the Court does not have subject matter jurisdiction to hear this dispute. As such, the Court **GRANTS** Plaintiffs' Motion to Remand. Defendants' respective Motions to Dismiss are **DENIED** as moot.

I.      BACKGROUND

The following facts are derived from Plaintiffs' Amended Complaint and the exhibits filed in support.[2] The named Plaintiffs are six Oklahomans, all of whom are insured by State Farm,[3] who allege that Defendants violated their right to privacy. ("Am. Compl.," ECF No. 1-1. ¶ 13.) Plaintiffs explain that "[w]hen a plaintiff files suit for personal injury, the state's and opposing party's interest at stake is set forth in 12 O.S. § 3226(A)(2)(a), which requires that such a plaintiff waive her right to privacy **only** in relevant medical records in order to permit a defendant and its

---

[1] On May 12, 2023, Defendants filed their respective Motions to Dismiss. ("Verisk Mot.," ECF No. 20); ("SF Mot.," ECF No. 21). On July 20, 2023, Plaintiffs filed a Motion to Remand. ("MTR," ECF No. 38.) Plaintiffs filed briefs in opposition to both State Farm and Verisk's Motions to Dismiss, (ECF Nos. 39 and 40), and each Defendant filed a reply brief. ("Verisk Reply," ECF No. 48; "SF Reply," ECF No. 49). Defendants also filed opposition briefs to Plaintiffs' Motion to Remand, ("Verisk Opp.," ECF No. 46; "SF Opp.," ECF No. 47), to which Plaintiffs replied. ("Pl. Reply," ECF No. 51.)

[2] The Court may consider certain exhibits submitted by Defendants in their respective Motion to Dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) (a court may also review "exhibits attached to the complaint and matters of public record," as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

[3] This fact is not contained in Plaintiffs' Amended Complaint. However, in its Motion to Dismiss, State Farm attached the insurance policies for each named Plaintiff. (*See* ECF No. 21, Exs. 9–18.)

agent(s) to be able to evaluate their claims and defend against their allegations." (*Id.* ¶ 13 (emphasis in original).)

Plaintiffs allege that their "Private Information[4] . . . was reported, without their consent, by Defendant State Farm or others to one or more databases maintained by Verisk / ISO, in violation of common law, the Okla. Const. Art II, § 23 and other applicable laws." ("Am. Compl.," ECF No. 1-1 ¶¶ 4–5.) State Farm "is the largest property and casualty insurer and auto insurer in the United States" and "the largest automobile insurer in Oklahoma." (*Id.* ¶ 6.) ISO was "created by insurance companies, including State Farm, in 1971 as an insurance advisory and rating organization." (*Id.* ¶ 7.) Verisk is a "multinational data analytics and risk assessment firm" and "ISO's parent company." (*Id.* ¶ 8.) Verisk is alleged to have "the largest statistical database in the industry," with insurers sending Verisk over "2 billion detailed records of insurance premiums collected and losses paid" each year. (*Id.* ¶ 8.) Verisk and ISO offer their services across the United States. (*Id.*)

The Amended Complaint alleges that "State Farm routinely discloses Plaintiffs' Private Information to Verisk . . . and the results are regularly sold to companies, governmental agencies, and individuals around the world for a wide range of reasons." (*Id.* ¶ 19.) This conduct, Plaintiffs contend "increases the risk of the disclosure of [Plaintiffs'] information, and "further damage in the future" that could befall Plaintiffs if "their Private Information is later wrongfully accessed by

---

[4] Private Information is defined as "NPPI [non-public personal information] and PHI [protected health information]." (Am. Compl. ¶ 17.) NPPI is "information that was '(i) provided by the consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution.'" (*Id.* ¶ 14 (quoting 15 U.S.C. § 6809).) PHI is "'individually identifiable health information' which in turn is defined as health information collected from an individual, created or received by a health care provider, health plan, employer, or health care clearinghouse that relates to the 'physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present or future payment for the provision of health care to an individual,' that identifies or may identify the individual." (*Id.* ¶ 22 (quoting 45 C.F.R. § 160.103).)

State Farm, other insurers or other institutions." (Am. Compl. ¶¶ 33, 62.) Plaintiffs claim that providing this data to State Farm which is "in the process of litigating or adjusting a claim does not transfer ownership of that information or entitle State Farm to then sell or transfer that Private Information to parties . . . for financial gain." (*Id.* ¶ 21.)

However, the seventy-nine (79) paragraphs and twenty-six (26) pages of the Amended Complaint lack the basic foundational information necessary to establish that Plaintiffs have standing. The Amended Complaint is devoid of any information as to what allegedly confidential information of Plaintiffs was accessed, or by whom, or of any purported harm sustained by Plaintiffs. Plaintiffs fail to show that any of their confidential information was sent from State Farm to Verisk or that Verisk ultimately sold this information to any third parties. The Amended Complaint fails to allege any harm that stemmed from this disclosure, outside of speculative injuries that might materialize in the future. For example, Plaintiffs do not claim that their identities were stolen, or their information was abused by any third parties. Plaintiffs do not dispute their Amended Complaint is wanting. At oral argument, counsel for Plaintiffs acknowledged that "Article III is not met" and "the sharing of health, financial, [and] private information . . . is the damage in violation of Oklahoma law." (Tr. 29:20–25; 31:5–9.)[5]

On January 20, 2023, Plaintiffs brought a purported class action lawsuit in the Superior Court of New Jersey, Middlesex County. *See Bycko et al. v. State Farm et al.*, MID-L-356-23. Shortly thereafter, on January 23, 2023, Plaintiffs filed an Amended Complaint. (*See* ECF No. 1 at 2.)[6] Plaintiffs assert four causes of action in their Amended Complaint. Against both Defendants,

---

[5] Citations to the transcript of the proceedings on October 3, 2023, (ECF No. 56), are to "Tr."

[6] Plaintiffs seek to represent three classes of individuals: (1) a General Class: "Any person who initiated at least one insurance claim under a policy provided by an insurer licensed by the State of Oklahoma to sell the policy under which the claim was made, and regarding whom State Farm submitted Private Information to Verisk / ISO which Private Information was maintained in Verisk / ISO's database at least as recently as" 2018; (2) a Third-Party Subclass: "A General Class member who made at least one third-party claim

Plaintiffs bring causes of action for "invasion of privacy by publicity given to private life" and for "intrusion upon seclusion" under both federal and Oklahoma law. (Am. Compl. ¶¶ 47–64.) In addition, against State Farm, Plaintiffs assert breach of contract and breach of fiduciary duty claims on behalf of "First Party Plaintiffs . . . who were issued an insurance policy by State Farm based on State Farm's failure to comply with the consent requirements of Oklahoma law before allegedly disclosing Plaintiffs' personal information. (*Id.* ¶¶ 65–75.) Plaintiffs seek an assortment of relief including "equitable relief" barring Defendants from transferring or offering their information for sale and "nominal damages." (*Id.* ¶ 79.)

On March 8, 2023, State Farm, with Verisk's consent, removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Thereafter, on May 12, 2023, both State Farm and Verisk filed respective Motions to Dismiss. (ECF Nos. 20, 21.) On July 20, 2023, Plaintiffs filed a Motion to Remand this matter to state court. (ECF No. 38.) These motions are now pending before the Court.

## II.     LEGAL STANDARD

### A.     REMOVAL

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove to federal court a civil action originally filed in state court. After removal, a plaintiff may move to remand the case if the removal was defective, or the district court lacks subject matter jurisdiction. 28 U.S.C § 1447(c); *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) ("For removal to be proper, 'a right or

---

regarding an Oklahoma-based insurance policy issued by State Farm"; and (3) a First-Party Subclass: "A General Class member who made at least one first-party insurance claim regarding an Oklahoma-based insurance policy issued by State Farm." (Am. Compl. ¶ 36.)

immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" (quoting *Boncek v. Pennsylvania R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)))). As the Third Circuit has explained, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

## III.  DISCUSSION

At the outset, the Court makes the following observations regarding Defendants' litigation tactics. After State Farm removed this case from state court, and in so doing affirmatively acknowledged this Court's subject matter jurisdiction, Defendants nonetheless then moved to dismiss the case claiming an absence of subject matter jurisdiction. State Farm's Notice of Removal unambiguously stated that "[t]his Court has jurisdiction over this matter" as "[t]he Class Action Fairness Act of 2005 . . . vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) any member of a class of plaintiffs is a citizen of a state different from any defendant[,] (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate." (ECF No. 1 ¶ 9 (quotation marks omitted).)[7]

Courts outside the Third Circuit disapprove of this strategy and have assessed fees against defendants for removing a case from state court and immediately moving to dismiss on the basis

---

[7] The Court notes that Verisk consented to the removal. (*See* ECF No. 1 ¶ 34.)

that the plaintiffs lack Article III standing.[8] *See e.g., Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 915 (N.D. Ill. 2016); *Barnes v. ARYZTA, LLC,* 288 F. Supp. 3d 834, 840 (N.D. Ill. 2017); *Morgan v. Bank of Am., N.A.*, No. 20-157, 2020 WL 3979660, at *3 (E.D. Wash. July 14, 2020). The Court agrees with the Seventh Circuit's admonition that this "dubious strategy has resulted in a significant waste of federal judicial resources, much of which was avoidable." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018); *see also* Zachary D. Clopton & Alexandra D. Lahav, Fraudulent Removal, 135 Harv. L. Rev. F. 87, 103 (2021) (naming this practice "fraudulent removal" and noting it "is an example of a litigation practice that abuses the civil justice system, increases costs for both parties, and drains judicial resources"). Notwithstanding, the Court will address the merits of the motions at bar.

### A.   THE PARTIES' MOTIONS

The Court notes that Plaintiffs' Motion to Remand and both Defendants' Motions to Dismiss are significantly interconnected. Defendants' Motions to Dismiss contend that Plaintiffs lack Article III standing, and, therefore, the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[9] (Verisk MTD at 8–11; SF MTD at 9–13.)

In their Motion to Remand, Plaintiffs, by contrast, argue that Defendants, as the parties that removed this matter to federal court, bear the burden of establishing that the Court has subject matter jurisdiction to hear this dispute. (Pl. MTR. at 2–6.) By arguing that Plaintiffs lack standing

---

[8] While it does not appear the Third Circuit has weighed in on this, a few district courts in this Circuit have entertained the procedural strategy that Defendants attempt to take advantage of here. *See e.g., Katz*, 2018 WL 3831337, at *9; *Okten*, 2023 WL 3249828, at *4.

[9] As discussed below, Verisk argues that at least one Plaintiff has standing to assert a breach of contract claim, and thus the Court has subject matter jurisdiction to hear the entire dispute. (Verisk Opp. at 10–15.) State Farm, on the other hand, argues that Plaintiffs do not have standing to bring any of their claims. (SF MTD at 9–13.)

and that the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction, Defendants have failed to carry that burden. (*Id.*) Therefore, Plaintiffs seek the Court to remand this case. (*Id.*) Plaintiffs cite to a number of cases outside this Circuit where courts have remanded on that basis alone. (*Id.* at 3–4.) Moreover, at oral argument, Plaintiffs, while having taken no position in their written motion, conceded that "Article III [standing] is not met." (Tr. at 30:13–23; *see also* Tr. at 30:20–31:9 ("We believe that under the facts of this case, that State Farm is clear, and we actually agree with them for this purpose, that subject matter jurisdiction is lacking . . . .").)

In their response, Defendants, on the other hand, urge the Court to consider the merits of their motions to dismiss. (SF Opp. at 5; Verisk Opp. at 1.) State Farm maintains that the Court should dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under 12(b)(6) for failure to state a claim. (*See generally*, SF MTD.) If the Court finds that Plaintiffs have standing, State Farm contends that the Court should dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (SF Reply at 1.) Alternatively, however, if the Court finds that Plaintiffs do not have standing, State Farm appears to concede that the Court should remand the case to state court. (*Id.* at 2.)

Verisk also avers that the Court should dismiss failure to state a claim under Rule 12(b)(6). (*See generally*, Verisk MTD.) Verisk argues that Plaintiffs lack Article III standing to assert its privacy claims against Verisk, and thus, the Court should dismiss those claims for lack of subject matter jurisdiction under Rule 12(b)(1). (*Id.*) Verisk contends that the Court has jurisdiction to hear at least one of Plaintiffs' breach of contract claims against State Farm. (Verisk Opp. at 5–8.) In addition, Verisk asserts that Section 1447(c) does not allow partial remand. (*Id.* at 10–15.) Therefore, Verisk argues that the Court should dismiss Plaintiffs' breach of contract claim for

failure to state a claim under Rule 12(b)(6); and, if the Court finds Plaintiffs lack standing to assert their privacy and breach of fiduciary duty claims, the Court must dismiss those claims for lack of subject matter jurisdiction under Rule 12(b)(1), rather than sever and remand them. (*Id.*)

### B.  ARTICLE III STANDING

The common denominator connecting Defendants' Motions to Dismiss and Plaintiffs' Motion to Remand is an alleged lack of Article III standing and thus an absence of subject matter jurisdiction. Therefore, the Court will first decide whether it has the power to hear this dispute. This determination dictates whether the Court should remand the matter or consider the merits of the Motions to Dismiss. *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997) ("In light of the express language of § 1447(c) . . . we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility."); *Katz v. Six Flags Great Adventure, LLC*, No. 18-116, 2018 WL 3831337, at *9 (D.N.J. Aug. 13, 2018). As such, because the Court finds that Plaintiffs lack Article III standing, the Court holds it lacks subject matter jurisdiction to consider this dispute. Therefore, the Court will remand this case to state court. Plaintiffs' Motion to Remand is therefore granted, and Defendants' Motions to Dismiss are denied as moot.

"[S]tanding is a question of subject matter jurisdiction." *Brahamsha v. Supercell OY*, No. 16-8440, 2017 WL 3037382, at *3 (D.N.J. July 17, 2017) (quoting *Petroleos Mexicanos Refinancion v. M/T KING, A (Ex–Tbilisi)*, 377 F.3d 329, 224 (3d Cir. 2004)). Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Article III [of the United States Constitution] confines the federal judicial power to the

resolution of "Cases" and "Controversies." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *see also Okten v. ARS Nat'l Servs., Inc.*, No. 22-443, 2023 WL 3249828, at *2 (D.N.J. May 4, 2023). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To establish Article III standing, "the plaintiff must have a 'personal stake' in the case . . . ." *TransUnion*, 141 S. Ct. 2190 at 2203 (quoting *Raines v. Byrd*, 521 U.S. 811, 820, (1997)). The "'irreducible constitutional minimum' of standing" requires three elements be established by the plaintiff at the pleading stage. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must demonstrate that they: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* In a class action, "[e]ach named plaintiff . . . must personally demonstrate standing independently of any claims brought on behalf of a putative class." *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, No. 19-2904, 2021 WL 5937742, at *6 (D.N.J. Dec. 16, 2021).

An injury in fact, the first element of standing, is "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011) (quoting *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290–291 (3d Cir. 2005)). A concrete injury is one that is "real, or distinct and palpable, as opposed to merely abstract." *Katz*, 2018 WL 3831337, at *6 (quoting *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016)); *see TransUnion*, 141 S. Ct. at 2204 (noting concrete harms include "tangible harms" such as "physical and or monetary harm to the

plaintiff" and "intangible harms" including "reputational harms, disclosure of private information, and intrusion upon seclusion"). An injury is particularized when it "affect[s] the plaintiff in a personal and individual way." *In re Am. Med. Collection Agency*, 2021 WL 5937742, at *6 (quoting *Lujan*, 504 U.S. at 561 n.1)); *see also In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 640 n.22 (3d Cir. 2017) (noting that the "particularization requirement" of standing requires more than a plaintiff pleading "generalized grievances"). Second, "[a]llegations of possible future injury are not sufficient to satisfy Article III." *Reilly*, 664 F.3d at 42 (citations and quotation marks omitted); *see id.* (noting that a "plaintiff lacks standing if his 'injury' stems from an indefinite risk of future harms inflicted by unknown third parties"). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 330. As such, a plaintiff cannot satisfy the injury in fact requirement by "alleg[ing] a bare procedural violation, divorced from any concrete harm." *Id.*; *see In re Horizon Healthcare*, 846 F.3d at 638.

### 1. INJURY IN FACT

In this case, both Defendants argue that Plaintiffs do not have standing to pursue their privacy claims. (*See* SF Mot. at 7, 10–13; Verisk Mot. at 8–11.) Further, State Farm argues that Plaintiffs lack standing to pursue their breach of fiduciary duty and contract claims. (*See* SF MTD at 7.) In fact, as stated previously herein, Plaintiffs acknowledged on the record that they "don't meet the requirements for Article III standing in this case." (Tr. 30:1–6.) The Court agrees with the parties that Plaintiffs do not have standing here.

The Amended Complaint is bereft of any facts demonstrating that Plaintiffs have Article III standing. Plaintiffs fail to allege that their information was in fact disclosed to Verisk or any other third parties. Further, the Amended Complaint does not specify what information, confidential or otherwise, which may have been disseminated or the parties to whom Verisk

allegedly sold it. Without these facts, Plaintiffs cannot establish Article III standing. *See Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 116 (3d Cir. 2019) (noting "conclusory allegations of risk are insufficient" to confer standing); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 117, 120-21 (2d Cir. 2017) (affirming dismissal of complaint for lack of standing where the complaint was "devoid of specific factual allegations concerning . . . any consequences that stemmed from" the statutory violation); *In re Am. Fin. Res., Inc. Data Breach Litig.*, No. 22-1757, 2023 WL 3963804, at *5 (D.N.J. Mar. 29, 2023) ("[W]ithout allegations [of] actual or imminent misuse" of personal information, Plaintiff failed to allege injury.); *Gable v. Hometown Am., LLC*, No. 20-12071, 2022 WL 17340688, at *9 (D.N.J. Nov. 30, 2022) (no standing where plaintiff had not "pled any facts demonstrating" a concrete injury); *Atl. Neurosurgical Specialists P.A. v. United Healthcare Grp. Inc.*, No. 20-13834, 2022 WL 970317, at *7 (D.N.J. Mar. 31, 2022) ("[I]njury for Article III purposes is not satisfied by merely alleging that procedures were inadequate or that benefits were not received; the complaint must allege facts sufficient to establish [standing].").

Moreover, the Amended Complaint contains no reference to any "concrete" or "particularized" and "actual" or "imminent" harm to Plaintiffs. *See Reilly*, 664 F.3d at 41. At most, Plaintiffs' make general references to "increase[d] *risk* of the disclosure of [Plaintiffs'] information;" that "State Farm submitted the Private Information without the consent of Plaintiffs;" and that "State Farm's data intrusions . . . *could lead* to further damage in the future when their Private Information is later wrongfully accessed by State Farm, other insurers or other institutions." (Am. Compl. ¶¶ 33, 52, 62 (emphasis added).) Accordingly, the Amended Complaint lacks any facts demonstrating a particularized concrete injury or harm to any Plaintiffs.[10]

---

[10] Plaintiffs do vaguely reference disclosure of Plaintiff Angela Anderson-Killman's Private Information. (Am. Compl. ¶24.) However, there are no specific allegations that this information was in fact circulated, nor are there allegations regarding the contents of the personal information at issue. Plaintiffs' "on information and belief" pleading does not grant Article III standing where Plaintiffs assert no factual

12

Plaintiffs' allegations that an unknown injury might possibly occur in the future do not confer Article III standing. *Reilly*, 664 F.3d at 42; *see also In re Am. Med. Collection Agency*, 2021 WL 5937742, at *7, *9 (noting that "speculation that a plaintiff's data may have been accessed in a large data breach is insufficient" and finding certain plaintiffs did not have standing where they alleged an "increased risk of future identity theft" (citations and quotation marks omitted)); *Katz*, 2018 WL 3831337, at *8 (holding Plaintiffs failed to establish a "concrete injury-in-fact" where Plaintiff merely alleged a "bare statutory violation"); *Kaymak v. AAA Mid Atl., Inc.*, 529 F. App'x 222, 225 (3d Cir. 2013) (finding that "a speculative injury is not sufficient to confer standing").

Here, Plaintiffs have failed to allege a "personal stake" in this case. *TransUnion*, 141 S. Ct. 2190 at 2203. The Amended Complaint's allegations that Defendants' conduct "*could lead* to further damage in the future" or that "Class Members *may find* themselves being denied or charged higher prices for insurance" bespeak patently speculative injuries. (Am. Compl. ¶ 62 (emphasis added).) Moreover, as Plaintiffs admit, their injury arises solely from the "violation of Oklahoma law," (*see* Tr. 31:5–9), rather than any concrete harm suffered by Plaintiffs. *See Kaymak*, 529 F. App'x at 225. As such, the Court finds that Plaintiffs do not have standing to bring their privacy or breach of fiduciary duty claims. *See Katz*, 2018 WL 3831337, at *8.

In addition, Plaintiffs assert a cause of action for breach of contract. (Am. Compl. ¶¶ 65–71.) State Farm contends that Plaintiffs do not have standing to assert their breach of contract claims. (SF Mot. at 7, 13.) However, Verisk avers that at least one Plaintiff does, in fact, have

---

allegations to support their claims. *See Bolinger v. RMB, Inc.*, No. 18-15446, 2023 WL 2612259, at *3 (D.N.J. Mar. 21, 2023) ("[P]leading upon information and belief is permissible where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control—so long as there are no boilerplate and conclusory allegations and [p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible." (quoting *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016))).

standing to assert a breach of contract claim against State Farm because Plaintiffs were insured by same. (Verisk Opp. at 7–8.)

The Court finds that Plaintiffs do not have standing to assert their breach of contract claim. For the same reasons discussed above, the Amended Complaint pleads no injury in fact stemming from Defendants' conduct. It contains no allegations that State Farm breached any provision of the insurance policy, that the insurance policy governed the dispute in this case, or that Plaintiffs are suing over any of the policy provisions. Indeed, the breach of contract claim is premised *on a violation of an Oklahoma statute*, as opposed to any contract provisions. (Am. Compl. ¶ 68.) Moreover, the Amended Complaint fails to allege any facts concerning the injury Plaintiffs suffered, aside from an alleged violation of Oklahoma law and potential speculative injury in the future. (*See e.g.*, Compl. ¶ 62.) This does not confer Article III standing. *Spokeo*, 578 U.S. at 330 (holding a plaintiff cannot satisfy the injury in fact requirement by "alleg[ing] a bare procedural violation, divorced from any concrete harm"); *Reilly*, 664 F.3d at 42.

It is axiomatic that the simple fact that Plaintiffs were insured by and subject to an insurance agreement with State Farm does not confer Article III standing on Plaintiffs. Plaintiffs make no allegations connecting the alleged breach of contract to Defendants' alleged unlawful disclosure of Plaintiffs' personal information in violation of Oklahoma law aside from the general allegation that the parties have an insurance agreement with State Farm. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) ("[Standing] requires allegations—and, eventually, proof—that the plaintiff 'personal[ly]' suffered a concrete and particularized injury in connection with the conduct about which he complains."); *Foley v. Medicredit, Inc.*, No. 21-19764, 2022 WL 3020129, at *4 (D.N.J. July 29, 2022) (holding Plaintiff failed to demonstrate injury in fact where plaintiff did not "allege an injury beyond statutory violations, which the Supreme Court has made clear is not enough to

confer standing"); *cf. Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 156 (3d Cir. 2022) (finding Plaintiff had standing to raise breach of contract claim where contract stated Defendant would "take appropriate measures to protect the confidentiality and security"). Even assuming that the insurance policy governed Defendants' conduct here, the Amended Complaint lacks any allegation of injury stemming from an alleged breach. *Reilly*, 664 F.3d at 41.[11]

C.  **REMAND**

When the Court lacks Article III standing, remand, rather than dismissal, is required. *See Bromwell*, 115 F.3d at 214 ("In light of the express language of § 1447(c) . . . we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility."); *Katz*, 2018 WL 3831337, at *9 ("[B]ecause Article III standing is lacking in this case, this Court lacks subject matter jurisdiction. And, because subject matter jurisdiction is lacking, remand is mandated under § 1447(c) and the guiding precedent in this Circuit."); *Woturski v. Fed. Warranty Serv. Corp.*, No. 17-4309, 2018 WL 1399303, at *4 (D.N.J. Mar. 19, 2018) (remanding suit to state court instead of dismissing after finding that Plaintiff did not have Article III standing); *Daye v. GC Servs. Ltd. P'ship*, No. 21-798, 2022 WL 4449381, at *4 (D.N.J. Sept. 23, 2022) (same); *Medicreditc*, 2022 WL 3020129, at *5 (same); *Okten*, 2023 WL 3249828, at *4 (same). The Court therefore will remand this case back to the Superior Court of New Jersey, Middlesex County.

---

[11] "[T]the injury-in-fact element [of standing] is often determinative." *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009). Indeed, many courts, once they find that a plaintiff fails to allege injury-in-fact, end their standing inquiry there. *See Katz*, 2018 WL 3831337, at *8; *Okten*, 2023 WL 3249828, at *4; *Brahamsha*, 2017 WL 3037382, at *5. However, in the case at bar, the Court notes that Plaintiffs also fail to establish the second element of standing: causation. "Article III requires that Plaintiffs allege a 'causal connection between' their injuries 'and the conduct complained of.'" *In re Am. Med. Collection Agency*, 2021 WL 5937742, at *11 (quoting *Lujan*, 504 U.S. at 560-61). Plaintiffs' injuries must be "traceable to an action of the defendant." *The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000). Here, Plaintiffs fail to demonstrate causation.

Pursuant to 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses, including attorney fees" upon remanding a case. The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) ("[D]istrict court may require the payment of fees and costs . . . even though the party removing the case did not act in bad faith."). The statute confers "broad discretion and . . . flexib[ility]" on the district court. *Id.* Congress granted this power to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140. "Typically, courts award attorneys' fees where it is clear that the complaint does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." *Vastola v. Sterling, Inc.*, No. 21-14089, 2022 WL 2714009, at *5 (D.N.J. Jul. 13, 2022). While the Court views the instance circumstance as a close call, the Court will give Defendants the benefit of the doubt and will not assess fees regarding removal in this instance.

## IV. CONCLUSION

For the foregoing reasons, the Court holds that Plaintiffs lack Article III standing. As such, Plaintiffs' Motion to Remand is GRANTED. Defendants' Motions to Dismiss are DENIED as moot. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2023